EADS, Appellant, v. TIEDE, Respondent.

(186 N. W. 823.)

(File No. 4930.    Opinion filed February 8, 1922.    Rehearing denied March 10, 1922.)

1. **Personal Injuries—Automobile Collision, Damages—Plaintiff As Automobilist's Guest—Plaintiff's Non-knowledge of Driver's Negligence Re Excessive Speed, Effect.**

     The undisputed facts showing that plaintiff at time of the accident to her resulting from a collision between defendant's car and the one in which she was riding, was a guest of the latter's owner who was driving, she therefore was not directing its operation and had no control over it; and the relation of principal and agent or master and servant did not exist, nor was the driver acting as her agent in any sense. So held, the evidence failing to show plaintiff knew the car was being negligently driven, and proof showing the car was not moving at excessive speed.

**2.  Same—Defendant's Car on Wrong Side of Roadway, Neither Car
      Excessively    Speeding—Defendant's    Negligence    Theoretical
      Basis of Recovery, Notwithstanding Plaintiff's Driver's Con-
      tributory Negligence—Instruction Re Plaintiff's Imputed Neg-
      ligence, Error.**

     Plaintiff's evidence showing that defendant's car was over
the edge of the grade on right side of road when collision
occurred, and that excessive speeding of neither car caused it,
and the fact that one car or the other or both were on the
wrong side of the road, which fact caused the collision; held,
that if the collision resulted from defendant's negligence, he is
liable, although M, owner and driver of the car in which plain-
tiff sat as a guest, may have been guilty of contributory neg-
ligence; unless plaintiff herself was also guilty of contributory
negligence;but, in the absence of evidence warranting applica-
tion of doctrine of imputed negligence, an instruction that
plaintiff could not recover if M was running at high rate of
speed and that that caused or contributed to collision whereby
she was injured, was erroneous.

     Gates, and Whiting, JJ., concurring in the result.

Appeal from Circuit Court, Hutchinson County.  Hon. Rob-
ert B. Tripp, Judge.

Action by Ella Eads, against Gustave Tiede, to recover dam-
ages for personal injury caused by collision of automobiles.  From
a judgment for defendant, and from an order denying a new
trial, plaintiff appeals.  Reversed.

*Spangler & Wire,* for Appellant.

*French, Orvis & French,* for Respondent.

     (2)  To point two of the opinion, Appellant cited:  20 R. C.
L. 158, Sec. 132; Ry. Co. v. King, 11 L. R. A. (N. S.) 829;
Chambers v. Ry. Co. (N. D.) 163 N. W. 824.

     Respondent cited:  29 Cyc. 551; Rebillard v. Minneapolis,
etc. Ry. Co., 133 C. C. A. 9; Davis v. Chicago, etc. Ry. Co., 16
L. R. A. (N. S.) 424, 159 Fed. 10, 88 C. C. A. 488.

     POLLEY, J.  Plaintiff brings this action to recover damages
for injuries suffered by her in an automobile collision.  The acci-
dent occurred on a country road in the nighttime.  The car in
which she was riding at the time of the accident was owned and
was being driven by one McDonald.  It is alleged in the complaint
that defendant had bright glaring lights burning on his car and
that such lights so blinded said McDonald that he could not see
where to drive; that defendant was driving his car in excess of

25 miles per hour and that at the time of the collission defendant's car was on the left side of the center of the road. The defense pleaded by defendant is negligence on the part of McDonald in the management of his car, in that he was driving at a rate of speed approximating 40 miles per hour; that at the point of the collision the road narrowed to cross a culvert, and that, notwithstanding the said culvert and the narrowness of the road, said McDonald continued to drive his car at said excessive rate of speed; that plaintiff knew, or by the exercise of ordinary care would have known, of the approach to said culvert, that the road narrowed at that point, and of the excessive rate of speed at which said McDonald was driving, but that she made no effort to check or diminish such rate of speed. In other words, that the collision was caused by the negligence of McDonald, and that plaintiff contributed to such negligence by her failure to exercise or attempt to exercise any control over the movement of the McDonald car, and that she is not entitled to recover even though defendant may have been guilty of negligence that contributed to the accident. The trial court adopted this theory of the case, and upon this subject charged the jury as follows:

"Now, if you find from the evidence in this case that this alleged neglect of Mr. Tiede to have dimmed the lights on that occasion is not true, and that he was not running his automobile at an excessive rate of speed, in view of all the circumstances, or on the wrong side of the road, and was not at fault in any of these respects whereby it was claimed the collision was caused, Miss Eads cannot recover in this case, or even if you should find he was negligent or at fault in any of the respects referred to, but should also find from the evidence that Mr. McDonald was running at a high rate of speed at that time and place, and that that caused or contributed to the collision whereby she was injured, she cannot recover in this action."

The giving of that portion of this instruction which imputes the negligence, if any, of McDonald to plaintiff, was excepted to by plaintiff and is now assigned as error.

[1] Under the undisputed facts in this case, plaintiff was riding in McDonald's car at his invitation and as his guest. She was not directing the operation of the car and had no control over it. The relation of principal and agent or master and servant

did not exist, nor was McDonald acting as her agent in any sense of the word. There is no evidence to show that plaintiff knew that the car was being negligently driven. On the other hand, both she and McDonald testified that the car was not moving in excess of 10 to 15 miles per hour and that the car was well over on the right-hand side of the middle of the road.

[2] According to the testimony on behalf of plaintiff, the accident was not caused by the glaring lights on defendant's car because McDonald testified that his car was over the edge of the grade on the right-hand side of the road at the time of the collision. Neither was it caused by the excessive speed of either car. If each car had been on the right-hand side of the middle of the road, they could not have collided, however great the speed. One car or the other or both of them were on the wrong side of the road, and it was that fact that caused the collision. The rate of speed at which either car was moving is material only because of the effect it may have had on the extent of the injury resulting from the collision.

If the collision was the result of negligence on the part of defendant, then he is liable to plaintiff, although McDonald may have been guilty of negligence that contributed to the accident; unless plaintiff herself also was guilty of negligence that contributed to the accident. But there is no evidence in the record that warrants the application of the doctrine of imputed negligence, and the instruction complained of is erroneous.

The judgment and order appealed from are reversed.

GATES and WHITING, JJ., concur in result.