On burden of explaining erasures or alterations appearing on face of will, see note in 17 L. R. A. (N. S.) 184; 28 R. C. L. 399, 3 R. C. L. Supp. 1573.

---

MORROW, Respondent, v. QUINN-SHEPHERDSON COM-

PANY et al, Appellants.

(205 N. W. 38.)

(File No. 5348.   Opinion filed August 25, 1925.)

1.   **Jury—Damages—Principal and Agent—Conversion—Action for Damages for Illegal Taking of Money from Agent Properly Triable to Jury.**

Essential elements, in action for illegal taking of money belonging to plaintiff from one to whom she had intrusted it to pay out for her, on transaction other than those had with defendants by her alleged agent, were plaintiff's ownership and illegal means by which defendants acquired property, and issues were properly triable to jury, action not being materially different from common-law action of trover.

2.   **Trial—Evidence—Weight of Testimony Is for Jury.**

In wife's action to recover money alleged to have been intrusted to her husband to pay debts, but which he turned over to defendants in gambling transaction, weight to be given to

husband's testimony as to delivery of her money to defendants was for jury.

**3.   Appeal and Error—Verdict—Verdict on Conflicting Evidence Not Disturbed if Substantial Evidence Supports It.**

Where evidence is doubtful or conflicting the Supreme Court will not interfere with verdict, only question considered being whether there was substantial evidence to support it.

Appeal from Circuit Court, Brown County; Hon. B. A. Walton, Judge.

Action by Anne T. Morrow against the Quinn-Shepherdson Company and another. From a judgment for plaintiff and order denying new trial, defendants appeal. Affirmed.

*L. K. Eaton,* of Minneapolis, Minn., and *Campbell & Fletcher,* of Aberdeen, for Appellants.

*Harkin, Crane & Noll* and *Thos. L, Arnold,* all of Aberdeen, for Respondent.

(1)   To point one of the opinion, Appellant cited:   Cottonwood County Bank v. Chase, 125 N. W. 299.

Respondent cited:   Ramirez v. Main (Ariz.), 89 Pac. 509; Thompson v. Hynds (Utah), 49 Pac. 292; Central Stock & Grain Exchange of Chicago v. Emma Bendinger, 56 L. R. A. 875.

(2)   To point two, Appellant cited:   Chicago Board of Trade v. Christie, 198 U. S. 246.

Respondent cited:   In re A. D. Baxter & Company, 152 Fed. Rep. 137; Sprague v. Warren (Neb.), 41 N. W. 1113; Hallett v. Aggergard (S. D.), 114 N. W. 696; Dows v. Glaspel (N. D.), 60 N. W. 60.

MORIARTY, C.   This action was brought by the respondent, Anne T. Morrow, against the appellants, James Leary and Quinn-Shepherdson Company, a corporation, for the recovery of $5,000 and interest.

In her complaint the respondent alleges that, on or about the 1st day of November, 1917, and at various dates thereafter, she intrusted to her husband, James Morrow, moneys belonging to her, and amounting in the aggregate to the sum of $5,000. And she says that said moneys were so intrusted to said James Morrow for the purpose of being applied upon certain specific indebtedness, and that said James Morrow, at or about the times said

moneys were intrusted to him entered into various gambling trans-action with the defendants, whereby they did acquire by such gambling games and transactions the said moneys intrusted by respondent to the said James Morrow, to the extent of $5,000.

To these claims of respondent the appellants answered sepa-rately, but each to the same effect, denying any knowledge or information as to the alleged intrusting of moneys by the respon-dent to James Morrow, and denying all the other allegations of respondent's complaint.

The case was tried to a jury, which returned a verdict in favor of respondent in the sum of $4,950.

Upon this verdict judgment was duly entered. Appellants presented a motion for a new trial, which motion was denied by the trial court, and from said judgment and the order denying a new trial this appeal was taken.

The motion for a new trial was upon the statutory grounds of an excessive verdict, due to passion and prejudice, insufficiency of the evidence to support the verdict, and errors of law occur-ring during the trial.

Upon these grounds the appellants present to this court 69 assignments of error, based upon the same number of specifica-tions. Certain of these assignments are not discussed or argued by appellants' counsel, and do not require discussion by this court. Of those which are discussed, the appellants' counsel have con-densed their discussion and argument under 5 separate heads, and we will consider the questions raised in the order in which they are thus presented.

[1]   Assignments 1 and 2 are based upon appellants' conten-tion that the action is one to impress a trust upon the funds al-leged to have been delivered by respondent to James Morrow, and that it was error in the learned trial court to allow the case to be tried to a jury. We believe this contention of counsel to be untenable. The action is one to recover damages for the illegal taking of moneys belonging to respondent from one to whom she had delivered the money to pay out for her upon a transaction other than those had with the appellants by James Morrow. The essential elements for recovery in an action of that kind are that the funds taken by appellants belonged to plaintiff, and that the means by which appellants acquired the moneys were illegal and

·of such character as to entitle the owner to recover them. These :are issues properly triable to a jury. The action is not materially ·different from the common-law action of trover.

As to assignments 3, 4, 6, 13, 15, 17, 21, and 57, based upon ·specifications similarly numbered, counsel's argument is, in part, the same as that considered under the previous heading, but, in ·addition to the contention as to the case being tried to a jury, the ·appellants contend that the evidence shows that the money delivered by the respondent to James Morrow was a loan to said Morrow and became his money, leaving respondent no right of recovery therefor. In this connection appellants cite Cottonwood County Bank v. Case, 25 S. D. 77, 125, N. W. 298, but the facts in that case are not similar to those of the case at bar. That was ·an action brought to impress a trust upon real estate, and the record showed a loan from the plaintiff bank to the defendant, and the words cited refer to the use of the fund so loaned. In the case at bar, however, there is no evidence that plaintiff made any loan to James Morrow. What evidence there is, even though it may be considered meager and inconclusive, is to the effect that the money was turned over to James Morrow to be paid upon the purchase price of certain land. Viewed from this standpoint, there is no evidence of any intent to loan the money to Morrow.

As to that part of these assignments which refers to the allegation that the money was delivered to James Morrow to be paid upon a certain indebtedness, the manner of statement may be somewhat misleading, but the complaint seems to have been drawn on the theory that certain land had been purchased, and that money was needed from time to time for the making of payments thereon.

[2] As to assignments 22 and 23, based upon corresponding specifications, these assignments deal with two different propositions, first as to the indefiniteness of James Morrow's testimony as to the delivery of respondent's money to James Leary; second, as to the legal effect of the transactions in which Morrow testified that he paid the money to Leary.

[3] As to the first point, it was for the jury to determine what weight should be given to the evidence as to payments made to Leary. Where evidence is doubtful or conflicting, this court

will not interfere with the verdict of the jury, the only question to be considered here being whether there is any substantial evidence to support the verdict. As to the second point, this goes to the question whether the transactions in which the money was paid to Leary were gambling transaction. Viewed from the legal standpoint, this is the main question in the case, and, as it is more fully discussed in appellants' assignments 24 to 34, inclusive, we will consider all assignments dealing with that question in connection with this point as raised in assignment 23.

The question of what is and what is not a gambling transaction is one that has very frequently engaged the attention of the courts, and there are many decisions of practically the same question as is now before this court which seem to be conclusive of this appeal.

In Waite v. Frank, 14 S. D. 626, 86 N. W. 645, Judge Corson goes very thoroughly into the question of the classes of evidence that may be considered in determining the intent of the parties at the time of the transaction, and upon that point the decision says:

"The intention of the parties in such case may be determined from the nature of the transaction, and from the manner and method of carrying on the business."

The fact that the volume of business in beyond the financial means of the party, if actual delivery were intended, the fact that the broker never calls for the purchase money, but only for margins, and charges or credits differences in market prices, are mentioned as items of evidence to be considered. And the court cites with approval the North Dakota case of Dows v. Glaspel, 4 N. D. 251, 60 N. W. 62, in which a transaction similar to that involved herein is held to be a gambling transaction.

In the recent case of Farmers' Elevator Co. of Westport v. Quinn-Shepherdson Co., 47 S. D. 438, 199 N. W. 201, this court deals with practically the same question and arrives at the same conclusion. And in this latter opinion the case of Dows v. Glaspel, supra, is again cited and quoted from at length, as is the opinion of the United States Supreme Court in Irwin v. Williar, 110 U. S. 499, 4 S. Ct. 160, 28 L. Ed. 225.

The rule laid down in these cases seems to cover all the contentions in the case at bar, and the application of this rule to the questions raised upon ruling on evidence and exceptions to refusal

and giving of instructions satisfies us that there was no reversible error on the part of the learned trial court, and that the judgment and order appealed from should be affirmed.

The judgment and order are affirmed.

CAMPBELL, J., not sitting.

Note.—Reported in 205 N. W. 38. See, Headnote (1), American Key-Numbered Digest, Jury, Key- No. 14(1), 35 C. J. Sec. 25; (2) Trial, Key-No. 140(2), 38 Cyc. 1516; (3) Appeal and Error, Key-No. 1002, 4 C. J. Sec. 2836.