KADLEC, Respondent, v. LANGLOIS, Appellant.

(244 N. W. 96.)

(File No. 7212. Opinion filed September 1, 1932.)

*H. L. Woodworth,* of Ipswich, for Appellant.
*J. M. Berry,* of Ipswich, for Respondent.

WARREN, J.   Wilbert Kadlec, a minor 8 years of age, plaintiff, by his mother, Zilphia Kadlec, as guardian ad litem, brought action against the defendant, V. S. Langlois, to recover damages for injuries caused by the explosion of a detonation (dynamite) cap for the loss of his thumb and two fingers, pain, suffering, and permanent injury.   An examination of the evidence substantially discloses the following facts:   That on the 7th day of January, 1929, the plaintiff, on account of severe cold weather, did not attend school, but was permitted to play around home, and while playing outside he claims to have found in the garage a small paper box which was taken into the house.   His mother told him to put it on the shelf under the sink, which the plaintiff did.   Later on,

he opened the small box, took out what he thought to be an empty rifle shell. He hit it with the stove poker. It exploded, and blew off half of his thumb and two fingers on the right hand. He was taken to a hospital, returned home the next day, but continued to receive treatments for the injury for a considerable time. He was unable to attend school for some six weeks.

Plaintiff charges that the defendant was negligent by leaving upon the premises, tenanted by the plaintiff and his parents and owned by the defendant, certain dynamite (detonation) caps, and charges that the caps were left upon a ledge about two feet from the floor in the northeast corner of the garage within reach of small children.

It would appear that in 1928 and prior thereto the defendant was the owner of certain farm lands which he had leased during the year 1928 to one Sommers. While Sommers occupied the farm, the defendant had him blast out some rock in some of the fields, and on about five occasions the defendant brought the dynamite and caps out to Sommers. The blasting was done in the field some distance from the farm buildings, but on one occasion the blasting operation took place in the hogyard near the farm buildings.

In the fall of 1928, Sommers vacated the farm, but before doing so he claims to have informed the defendant that there were two of the dynamite caps remaining on the premises and that they were in a small box placed inside along the north wall of the garage. That the conversation took place between Sommers and the defendant is corroborated by Sommers' son, who also testified to the incident. The defendant denies that such a conversation took place or that he had any notice whatever that caps were left there. The defendant asserted that he had been informed by Sommers that there were none left. In that he is supported by the testimony of one Peter Heinrich, who was present during the blasting, and who hauled the rock from the defendant's premises.

Plaintiff's father leased the farm and moved on during the fall of 1928. The defendant knew at the time of leasing the farm to plaintiff's father that there were small children in the family.

A motion for a directed verdict was made at the close of plaintiff's case and also at the conclusion of all the evidence, which was denied.

The case was submitted to the jury. No exceptions were taken to the court's instructions to the jury. The jury returned a verdict for the plaintiff in the sum of $1,500. Judgment was entered for the plaintiff and against the defendant for said amount. A motion for new trial was thereafter submitted to the court and denied. Defendant appealed from the judgment and the order overruling the motion for a new trial.

Appellant has assigned seventeen alleged errors in his assignments of error. The first fourteen deal with claimed errors in the admission and rejection of certain testimony which he contends is prejudicial. Some of them relate to the ruling on and unduly restricting the cross-examination of certain witnesses. Other assignments in this group relate to the court's ruling in rejecting certain evidence, and we have examined the record regarding the admissibility and exclusion of certain evidence during the trial; and we are of the opinion after such an examination that the court's rulings on the admission and exclusion of evidence and testimony, if error, which in some instances clearly it was not, were harmless.

Upon the close of all the testimony, the defendant renewed his motion for a directed verdict upon the ground of the insufficiency of the evidence to sustain the allegations of the complaint, and has assigned the denial of his motions as error. A review of the evidence to ascertain if the evidence is sufficient to sustain the verdict seems necessary. The appellant by proper assignments of error contends that the evidence is not sufficient to sustain the verdict. In support of his contention, it is contended that the caps that he brought to the farm were not found in the garage, but on the shelf under the sink, and that in all probability the testimony of the little boy who was injured could not be true, for the reason that the garage had been used during the fall and winter as a stable to house cattle; that mangers and stalls had been erected along the north wall of the garage; that the dynamite cap which was found in the kitchen was not of the same make as the ones he had purchased from two hardware stores. Appellant has also pointed out certain testimony given by the plaintiff's mother and the plaintiff's witnesses which would affect and preclude plaintiff's recovery. It is claimed by appellant that plaintiff's father and defendant had had some trouble over settling their affairs, and that the action was

not brought promptly, but deferred for several months after the injury; also that Sommers, who gave testimony as to the leaving the dynamite caps in the garage, was not a fair and impartial witness on account of having had trouble with defendant in settling the farm accounts at the time he left defendant's farm.

We have briefly pointed out a few of the instances which appellant claims show no negligence on his part and that the evidence is inconsistent and not entitled to belief and wholly fails to establish the elements of negligence as required by law. But at its best the appellant can only state that the evidence is conflicting. The court is not to take the place of the jury, and we must assume that these questions were submitted to the jury under proper instructions, as no exceptions appear in the record, and the jury by its verdict has resolved in respondent's favor any conflict in the evidence. The verdict and judgment thereon must stand, unless this court can say there is no substantial evidence to support the verdict. We have carefully reviewed all the evidence, but do not feel it necessary to incumber this opinion with a further statement of the conflicting evidence, as it would serve no useful purpose. However, a review of all the evidence giving respondent that favor to which it is entitled on a motion by appellant for a directed verdict as well as giving due consideration to the fact that the credibility of the witnesses is the peculiar province of the jury, does not permit this court to say that the judgment is so unsupported by substantial evidence as to require its reversal. In this case we assume that the court properly instructed the jury as to the duties of the defendant in the handling and carrying of explosives according to the facts disclosed by the evidence in this case, as no exceptions were taken to the court's instructions to the jury and neither does the record contain the given instructions. It also appears from the evidence that the plaintiff has shown a chain of evidence tending to support the verdict of the jury. In the instant case there is a sharp conflict in the evidence, and different minds might reasonably reach different conclusions as to the ultimate facts. The determination of that ultimate fact in this case was clearly for the jury.

"The verdict resolves in respondent's favor any conflict in the evidence. Hence, in determining whether the evidence is

sufficient to support the verdict, we must give to the evidence the weight and construction most favorable to respondent's contentions." Miller v. Johnson, 49 S. D. 506, 207 N. W. 478. 479.

After a careful review of the entire record, we are of the opinion that the judgment and order appealed from should be and they are affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur.