AAKER, Respondent, v. QUISSELL, et al, Appellants.

(244 N. W. 889.)

(File No. 7323.   Opinion filed November 1, 1932.)

Rice & Rice, of Flandreau (George P. Gurley, of Pipestone, Minn., of counsel, for Appellants.

Joe H. Kirby and Louis N. Crill, both of Sioux Falls, for Respondent.

POLLEY, J. [1] Some time after dark on the evening of September 11, 1929, plaintiff who was then nine years old was riding in an automobile owned and being driven by one Currington. They were traveling south on a graveled public highway. Plaintiff had no interest in the car in which they were riding and took no part in the driving or management of the same, nor was he paying for the ride. He was merely taking a ride as the invited guest of Currington. The road on which plaintiff was traveling passes through a farm occupied by the defendants. The dwelling house occupied by defendants is about 160 feet east of the road. The car in which plaintiff was riding approached this farm from the north. Just as the car reached the driveway to said house one of the defendants was in the act of driving some loose stock, five head of young cattle, across the highway from the east. Plaintiff and the driver of the car testified that three head of these cattle ran out into the road some 30 feet in front of the car, and that they (plaintiff and Currington) did not see said cattle or know there were coming until they were in front of the car; that as soon as they saw the cattle the driver applied his brakes and turned the car to the left-hand side of the road. By so doing, they avoided a collision with the cattle in the road, but at that instant a fourth animal ran into the road so close to the car that they were unable to avoid it. The car struck this animal, throwing plaintiff into the

windshield and causing the injuries complained of. The lights on Currington's car were sufficient to enable him to see objects in the road at a distance of 200 to 300 feet and his brakes were in working order. At a point 275 feet north from where the accident occurred the surface of the road is 3.5' higher than at the place of the accident, and from said high point the road slopes gradually to the point of the accident. There is testimony in the record to the effect that, from any point between defendants' house and the road, the lights of a car coming from the north can be seen for a distance of a quarter of a mile. John Quissell, one of the defendants, testified that he was driving the cattle from the house to the pasture on the west side of the road; that before he reached the road he saw a car coming from the north; that he stopped and the cattle stopped and let the car go by; Currington's car was a short distance behind this first car, but defendant did not see it until it was at the top of the rise 275 feet north; that he tried to get the cattle across the road ahead of the car; that the car slowed down as he cattle went upon the road; that he did not go faster than a walk and the cattle did not go faster than a walk. Plaintiff contends that the accident was caused by defendant's negligence in driving his stock onto the road in front of the car, while defendant contends that Currington was negligent in driving the car at an excessive rate of speed. But negligence, if any, on the part of Currington, cannot be imputed to plaintiff, and, if the injury was caused by negligence on the part of defendants, they are liable. Eads v. Tiede, 45 S. D. 190, 186 N. W. 823. Verdict and judgment were for plaintiff and defendants appeal.

■ ■ Appellants predicate error upon the refusal of the court to give the following instructions: .

No. IV. "That defendants had a right to so use the highway at night as well as in the daytime for the purpose of driving their cattle thereon."

No. V. "That defendants in driving their cattle across or on the highway were not required to use or display any light."

No. XV. "That it was the duty of the driver of the autobile to maintain a careful lookout in front of him to avoid colliding with any person, object or vehicle."

No. XXIII. "If you find that the cattle were running and not walking across the highway, that fact of itself does not establish negligence on the part of the defendants, but it is merely a circumstance for your consideration."

Conceding that, as an abstract propositoin, these instructions correctly state the law, we do not believe it was error to refuse to give them in this case. To entitle a party to a particular instruction, it must not only correctly state the law, but it must be responsive to the issues in the case. That the defendants had a right to drive their cattle upon the highway in the nighttime, as well as in the daytime, was not an issue in the case; neither was there any contention that the defendants, while driving their cattle upon the highway, should have displayed a light.

■ ■ As to requested instruction No. 15, we believe that it is always the duty of a person driving an automobile on the highway to keep a careful lookout in front of him to avoid colliding with persons or other objects, but that was not the issue in this case. It is not claimed that the driver of the car was not keeping a careful lookout or that he did not see the cattle as soon as they came within the rays of his headlights. As to requested instruction No. 23, it is not material whether the cattle were driven upon the highway on the run or at a walk. The claimed negligence on the part of defendant was the act of driving the cattle upon the road in front of the car after the car was so close that it could not be stopped before it reached them. But assuming that any portion of said instructions is responsive to the issues, then we believe such portion thereof is sufficiently covered by the following instructions Nos. 5, 6, and 7 that were given by the court:

"Now, gentlemen, in determining whether or not the defendant John Quissell was negligent out there or in determining who was negligent, if anyone, you are instructed that negligence, an act of negligence is either an act or the failure to act as a reasonably prudent man would have acted under like circumstances, keeping in mind, gentlemen, all the facts and circumstances surrounding the transaction as it occurred out there together with such rules of law and statutory definitions as the court will give you hereafter and has already given you.

" * * * You are instructed in this connection, gentlemen,

that it was the duty of the driver of the car during the time to have his car under such control that it could be brought to a stop within the range of his vision. That is it would be negligence on his part if he drove his car at a rate faster than would permit him to stop within the distance which his lights enabled him to see. In this connection, however, you are instructed that if you find from the evidence that the cattle in question came suddenly out on the highway within a short distance in front of the Currington car that the foregoing rule would not apply.

"You are instructed that in using the highways the owner of livestock has a right in their use equal to the right of a motorist thereon, that the right of neither is superior. You are further instructed in this connection, gentlemen, that the owner of livestock driving the same upon or across a highway is required by the law to use the same degree of care to avoid injury to motorists thereon that a driver of a motor vehicle is required to use to avoid injury to livestock or other motor vehicles upon the highway."

■ Appellants assign insufficiency of the evidence to support the verdict. We believe the evidence is sufficient. The testimony of plaintiff and Currington is to the effect that defendant drove the cattle onto the road when the car was so near that it could not be stopped before it reached them. This is not disputed by defendant. Indeed, this testimony is corroborated by John Quissell, himself. He said he saw the first car coming and stopped and the cattle stopped until it passed. He saw the car in which plaintiff was riding 275 feet from the point of the collision, but, instead of waiting until it passed, he said he tried to drive the cattle across the road in front of the car. Before they had proceeded far eonugh to come into the rays of the headlights of the car, the car was so close to them that it could not be stopped before it reached them. By applying the brake and turning to the left, a collision with the first three animals was avoided, but, when the fourth one ran in front of the car, the car was too close to avoid it and the collision occurred. The jury was warranted in finding that the defendant was negligent and the verdict must stand.

The judgment and order appealed from is affirmed.

CAMPBELL, P. J., and ROBERTS and RUDOLPH, JJ., concur.

WARREN, J., disqualified and not sitting.