SCHUMACHER, Respondent v. STORBERG, et al., Appellants

(7 N. W.2d 141.)

(File No. 8552.   Opinion filed December 17, 1942.)

**H. L. Woodworth,** of Ipswich, and **Freeman & King,** of Minneapolis, Minn., for Appellants.

**J. M. Berry,** of Ipswich, for Respondent.

WARREN, J. The action arises out of an automobile collision which occurred about eleven o'clock in the forenoon of April 24, 1941, a warm, clear day. The decedent, Ray Schumacher, was riding in the front seat of a Dodge automobile driven by the owner, John Oster, whom he had

accompanied on a business trip to Aberdeen, S. Dak. Federal Highway No. 12 is an oiled, hard-surfaced road. Three miles west of the village of Beebe, Highway No. 12 is intersected by a section line road extending north and south. Thirty-five rods west of the intersection there is a small hill with a slope to the east. In traveling east, there is about a 15 per cent reverse curve in the road immediately west of the intersection.

On their returning home, driving westward, Oster first saw appellants' car approaching from west down the slope of the hill in an easterly direction, at a point about 90 feet west of the intersection. The approaching car was driven by Sam Storberg, one of the defendants and appellants, and riding with him was his wife, Ruth Storberg, owner of the car and defendant. The Oster car was driven from 45 to 50 miles per hour, while the Storberg car was being driven from 40 to 65 miles per hour.

Oster was driving on his own right hand side of the road close to the north shoulder when he saw the Storberg car traveling on the middle stripe of the road as it came down the slope from the west. When the appellants' car neared the intersection, it was traveling on the north side of the road, and Oster, to avert a head-on crash, turned his car to the south side of the road. At about the same time, the appellants turned south across the road to their own side. Oster attempted to return to the north side of the highway but the cars collided at about the center of the intersection. The plaintiff's husband died several days later of resultant injuries.

The verdict of the jury was for the plaintiff and judgment was entered thereon. Motions for a new trial and for a judgment notwithstanding the verdict were overruled and defendants appeal.

Out of the several assignments of error in this appeal, the appellants present for our consideration two justiciable issues, to wit: (1) Were the appellants guilty of any negligence contributing to the accident as a proximate cause? (2) Is the proof of damages sufficient to sustain the verdict?

■■ We do not believe it necessary in deciding the factual issues to review at length the evidence concerning the conduct which brought about the collision of the automobiles. The trial court considered the evidence as sufficient to be submitted to the jury for a verdict. We believe that the evidence is sufficient to warrant both its submission and the jury's result in finding in favor of the respondent. This Court is of the opinion that the question of negligence of the appellants was a question for the jury and the jury having resolved that question against the appellants, all the issues raised by the assignments of error under the motion for a directed verdict and for a judgment notwithstanding the verdict are disposed of. Zeigler v. Ryan, 65 S. D. 110, 271 N. W. 767.

From the appellants' own evidence, it would seem that there was very little time for clear thinking and action. The distance between the two cars at the time that they were first seen was approximately 140 feet; appellants being about 90 feet west of the small hill where a section line highway intersected the black-top highway upon which both cars were traveling, the appellants east at a speed of from 40 to 65 miles per hour; the respondent's deceased riding in the Oster car traveling west between 45 and 50 miles per hour up-grade. There is some testimony of witnesses, who arrived immediately after the accident, that appellants' car from about 35 rods west of the place of the accident had traveled east on the north side within a foot from the north shoulder of the highway. The wheel tracks (41 feet west of the place of collision) instead of following the north side of the highway veered toward the south and at the point of the collision, the tracks straddled the yellow stripe marking the middle of the highway.

On account of the hill, the persons occupying the west-bound car could at first only see the upper portion of the car. Increasing the difficulty to determine the exact direction that the appellants' car was traveling was the turn of the highway at an angle of 15 degrees toward the north. It was, therefore, a question for the jury to determine as

to the probability or the improbability that the appellants' car would continue to travel on the north side of the highway and collide with the Oster car.

■ We do not believe that the position of the cars just immediately after the collision would be of any great value in determining the negligence, if any occurred before the collision, as it is a known fact that colliding cars do not always react according to the laws of physics. We think that there was sufficient evidence before the jury as to the relative positions of the cars, speed, the positions and change of positions upon the highway by the respective drivers, that the jury could find from all the evidences and surrounding circumstances a verdict for the respondent. The facts in this case are quite comparable to the facts in Zeller v. Pikovsky, 66 S. D. 71, 278 N. W. 174. It is urged by appellants that the facts in the instant case are easily distinguishable from Zeller v. Pikovsky. In that, we cannot agree. The distinguishing features urged by appellants do not overcome the governing principles therein announced, which we feel apply and do govern the matters concerning negligence in the instant case. Not only does the instant case fall within the Zeller v. Pikovsky case, but it also falls within what was said relating to negligence in the operation of cars on the highways in Bak v. Walberg, 65 S. D. 292, 273 N. W. 381.

■ We are relieved from treating Oster's negligence, if any, as such negligence could not be imputed to the respondent's deceased is conceded by appellants in their brief.

■■ Ray Schumacher, respondent's husband, was a passenger in the Oster car and there is nothing in the testimony to indicate that they were jointly operating and controlling the movements of the car and we do not find that he managed or controlled the car or had the right to do so. There are no indications in the record that the deceased was negligent and that he failed to do what was required of a guest passenger for his own safety, which would be exercising such care for his own safety as an ordinary prudent or reasonable person would exercise under like circumstances.

■ Appellant took a chance by driving on the left-hand side of the road. Oster, on seeing him, may have contributed to the acts of negligence by trying to pull to the left to avoid being struck, nevertheless the appellants are not relieved of responsibility.

■ Further, it may be conceded that both car. drivers were negligent, otherwise there would have been no collision, if the drivers of the two motor vehicles had each exercised ordinary and reasonable care. But negligence to render a person liable need not be the sole cause of an injury. It is no defense to an action for negligence that another person contributed either before the defendant's interposition or concurrently therewith in producing the damage. The jury having found in favor of the plaintiff against the two Storberg defendants makes them at fault and permits the respondent to recover from them, regardless of the negligent conduct of Oster. Lapp v. J. Lauesen & Co., et al., 67 S. D. 411, 293 N. W. 536.

There seems to have been sufficient evidence to support the verdict in favor of the respondent and it must stand. Morrow v. Quinn-Shepherdson Co., et al., 48 S. D. 477, 205 N. W. 38; Kerr v. Basham, 64 S. D. 27, 264 N. W. 187; Kadlec v. Langlois, 60 S. D. 174, 244 N. W. 96; Jamieson v. Gerth, 61 S. D. 514, 249 N. W. 921; and Island v. Helmer et al., 63 S. D. 362; 258 N. W. 812.

■ Appellants stress the lack of proof of damages, claiming that the verdict was excessive. The amount of damages to be recovered in a death case under our holdings seem to be a matter to be left to the fair and intelligent judgment of the trial jury, as no exact formula and standard can be definitely prescribed to measure the exact amount of damages. Davis v. Holy Terror Mining Co., 20 S. D. 399, 107 N. W. 374; Whaley v. Vidal et al., 27 S. D. 642, 132 N. W. 242; Knutsen v. Dilger, 62 S. D. 474, 253 N. W. 459; Note 120 A. L. R. 1513 and 1515; Hoppe v. Peterson et al., 196 Minn. 538, 265 N. W. 338, 339; Bettinger v. Loring et al., 168 Iowa 103, 150 N. W. 31, 36.

In Bottum v. Kamen, 43 S. D. 498, 180 N. W. 948, this Court held that there was no mathematical rule or formula by which damages in this class of cases must or should be computed by courts or juries, and that the jury might draw inferences from material matters shown by the evidence and thereby arrive at reasonably and approximately the correct amount of damages in cases where computation of such damages are practically incapable of proof by direct evidence.

We have examined the record quite closely and do not find that the appellants have complied with the provisions of our statutes SDC 33.1601, 33.1605, 33.1607 and 33.0710 in their attempt to attack the insufficiency of the proof made by the respondent in not disclosing her age, the condition of her health or given any other information from which the jury could determine the probable duration of her life. The provisions of our statutes require that when a party challenges the sufficiency of the evidence to support a verdict of the jury or decision of the court, he must specifically point out the particulars wherein such evidence is claimed to be inaccurate, incompetent or insufficient. In this the record is wholly insufficient. The motion made at the close of all the evidence is divided into three parts, none of which has any reference to the insufficiency of the evidence in failing to give the age, condition of health and the probable duration of respondent's life. The case was submitted to the jury upon instructions by the court, no requested instructions relating to respondent's age, health and expectancy in life were presented and no objections or exceptions submitted to the court's instructions by the defendants. Thereafter, a motion for judgment notwithstanding the verdict and an application for a new trial was made and heard. Both of said motions were overruled and orders entered on the 13th of March, 1942. An examination of the grounds urged on the application for a new trial does not disclose or point out any particulars in which appellants contend that there was no evidence as to respondent's age, the condition of her health or any other information from which the jury

could determine the probable duration of her life. The same is true of the motion N.O.V. as to its lack of urging this matter to the attention of the trial court.

■■■ This Court has held that where there is a failure of proof and parties desire to take advantage of the insufficiency thereof, such matters must be pointed out. In Davis v. C. & J. Michel Brewing Co., 31 S. D. 284, 291, 140 N. W. 694, 696, this Court said: "* * * These motions were properly denied. They were insufficient for the reason that they did not point out the matters wherein it was claimed that the plaintiff had failed in his proof. Nichols & Shepard Co. v. Marshall, 28 S. D. 182, 132 N. W. 791; Howie v. Bratrud, 14 S. D. 648, 86 N. W. 747."

■■■ Appellants having argued that the presence of the respondent upon the witness stand without giving testimony as to her age, condition of health or any other information from which they could determine the probable duration of her life, and what the jury might observe from her appearance on the witness chair was not sufficient, will not be entertained by this Court upon the record before us, as their argument is not supported by timely pointing out the insufficiency of the evidence as required by our statutes.

The order and judgment appealed from are affirmed.

All the Judges concur.