ROBERTSON, Appellant, v. HENNRICH, Respondent

(29 N. W.2d 329.)

(File No. 8920. Opinion filed October 13, 1947.)

38

**Harold Gunvordahl,** Jr., of Burke, and **G. F. Johnson,** of Gregory, for Plaintiff and Appellant.

**J. F. Frame,** of Burke, for Defendant and Respondent.

HAYES, J.  The litigation we are here called upon to review reached the trial court as an outgrowth of an automobile collision involving vehicles then being operated by the parties litigant.  The vehicles collided at the intersection of highways adjacent to the city of Gregory, this state.  State Highway No. 47, which we will refer to in this opinion as the highway, and what is described in the record as a township road intersect at the northwest corner of the city limits of said city.  As a further aid to brevity, we will hereinafter refer to the township roadway as the road.  The main

course of the highway is north and south; the road, east and west. It may be important to note, however, that the testimony and exhibits in the case place a butte a short distance due north of the scene of the collision and that the highway curves to the west of said butte. Accordingly, a motorist driving southward on the highway, as was plaintiff's course, would be headed in a southeasterly direction as he approached the intersection. Defendant was traveling eastward on the road.

The collision occurred in the daytime and it is clear from the case record that each of the parties had an unobstructed view of the vehicles then being driven to the point of impact for quite considerable distances north and west of said point. Both parties had long been familiar with the courses of travel above mentioned and both were aware of the fact that the highway had been designated as a main traveled or through highway pursuant to the provisions of SDC 44.0321. A "stop" sign is maintained at the side of the road in question some little distance from the intersection thereof with the highway. The exact location of said sign is not fixed by the record evidence.

Plaintiff's complaint alleges the failure of defendant to stop his automobile before entering the intersection and that such failure was the proximate cause of the damage to the vehicle of the former. Defendant's answer denies that plaintiff sustained any damage as a result of negligence on defendant's part and alleges that the damage suffered by plaintiff was wholly due to contributory negligence of the plaintiff. By a counterclaim defendant sought to recover for the damage to his automobile alleging generally negligent driving on plaintiff's part.

Paragraph (9) of plaintiff's complaint is as follows: "That as the defendant drove his car toward the intersection he slowed its speed and apparently seemed to be going to stop as required by the stop sign." This paragraph is specifically admitted in defendant's answer. We will hereinafter refer to the facts thus agreed upon by the pleadings.

At the close of the evidence in what began as a jury trial the court below, upon motion of defendant's at-

torney, directed a verdict against plaintiff and in defendant's favor for the full amount asked by the latter. For an understanding of defendant's position and theory at the trial and the nature of his contentions before this court we here note that the grounds of defendant's motion are that the evidence establishes the failure of plaintiff to maintain a proper lookout and have his car under such control that he could have avoided the collision; that such failure on plaintiff's part constituted contributory negligence, and that such negligence was the proximate cause of defendant's damage. From the granting of this motion plaintiff has appealed. The ruling of the trial court and the assignments of error require a review of the evidence most favorable to the plaintiff for the reason that such ruling was against the plaintiff upon the evidence by which both causes of action, one pleaded by each party, were sought to be sustained at the trial.

No question of excessive speed is involved as it plainly appears that both parties proceeded toward the intersection at moderate rates of travel. Defendant failed to observe plaintiff's car until he reached the intersection. Plaintiff first saw defendant's car approaching from the west just as he was about to enter the intersection. From a photograph in the record it appears that a motorist traveling southward on the highway must steer his car along a gradual curve from southeasterly to due south as he enters the intersection. Upon observing defendant's car plaintiff lowered his speed from 30 miles an hour and proceeded to cross the intersection along his regular course. At this time, perhaps two or three seconds before the collision, defendant was approaching plaintiff's path of travel at a speed of five to ten miles an hour and was appearing, as agreed by the pleadings, about to stop. Believing that defendant would avoid entering the main traveled portion of the highway plaintiff undertook to exercise his right of way. Defendant failed to stop his automobile before entering upon the highway immediately in front of plaintiff's car and the two vehicles collided at a point on the westerly side of the highway. As he observed defendant's vehicle

entering his course of travel plaintiff turned his wheels to the east or left while moving at a speed of about 20 miles an hour. Testimony for plaintiff placed defendant's vehicle about 2½ feet east of the westerly side of the main traveled part of the highway. Plaintiff's car caught the left front wheel of defendant's vehicle and turned it slightly southward. Both cars remained upright after the collision.

Defendant's counsel contends that plaintiff's failure to observe defendant's car and be prepared to avoid the impact as plaintiff approached the intersection was negligence as a result of which defendant is entitled to recover although it is admitted by the pleadings that plaintiff should have believed that defendant was to stop his vehicle as the latter proceeded toward the point of impact and although it is admitted by the evidence that defendant failed to stop as required by law before entering the intersection. With such contention we cannot agree.

It is the settled law of this state that users of the public highways must observe other users and that the failure to do so is negligence. Stacey v. Patzloff, 67 S. D. 503, 295 N. W. 287; Kundert v. B. F. Goodrich Co., 70 S. D. 464, 18 N. W.2d 786; and cases therein cited. Equally well settled is the rule that a motorist has the right to assume that another will observe the traffic rules and will exercise reasonable care. Litz v. Arbeiter, 57 S. D. 481, 233 N. W. 914; Campbell v. Jackson, 65 S. D. 154, 272 N. W. 293; Zeller v. Pikovsky, 66 S. D. 71, 278 N. W. 174; Nielsen v. Richman, 8 Cir., 114 F.2d 343. Particularly applicable is the holding of this court that where the violation of a statute is the proximate cause of an injury a right of action accrues. Zeller v. Pikovsky, supra, and cases therein cited.

SDC 44.0321 authorizes the erection of "signs notifying drivers of vehicles to come to a full stop before entering" a main traveled or through highway and provides that "it shall be unlawful for the driver of any vehicle to fail to stop in obedience thereto." The wording of said section is identical with that of the original enactment in which it is embraced. Sec. 22, Ch. 251, 1929.

█  It seems altogether clear that the legislative body of this state authorized the designation of "through" highways with the thought in mind that the users thereof might and should travel upon the same with some ease and with a greater degree of safety than would exist in the absence of "stop" signs at the crossroads.  We must believe also from common experience and from frequent observation that nearly every motorist, consistent with the legislative intent, travels along a through highway with a feeling of confidence that users of crossroads will not only exercise reasonable care in entering upon or crossing the highway but that such users will not enter or cross a highway without coming to a stop as the law requires.  That a motorist upon the highway may throw care to the winds is unthinkable.  It is plain, however, that the law requires a full stop in order that highway users may have the protection intended by the signs and that users of side and crossroads shall afford themselves opportunity to determine that it is reasonably safe for them to enter upon or to cross the avenues of travel preferred by law.  The stop signs do not relieve the highway motorist of the duty to use the highway with reasonable care and with due regard for the safety of others but it appears wholly tenable and proper to adopt the view that the side or crossroad user must stop before entering the intersection and thereafter proceed with caution lest he should place himself and the preferred user in positions of danger.  The law fixes the rule of care and safety and that rule is to stop.  To disobey the rule is not only carelessness but it is unlawful.

Defendant gave no testimony describing the nature and extent of the damage to his car as a result of the collision. He submitted two exhibits, one an unpaid statement for having his car hauled to Mitchell, S. D., $30.00, and the other a detailed estimate of repair costs in the sum of $323.65 on "Hazel Henrichs 1941 Chevrolet".  Although defendant testified that he had had the car repaired after the collision, and had paid for such repairs, he failed to identify on the exhibit the repairs which became necessary and were made because of the striking at the left front wheel of the vehicle he was

driving when he met the plaintiff. Included in the estimate are such items as new battery and hanger, two gallons of anti-freeze, installing shock absorbers and right door glass, repairing and refinishing the left rear fender and quarter panel and the right front and rear fenders. The record evidence was such as to leave it difficult for a jury to determine the amount of defendant's damage as a result of the collision with plaintiff's automobile should it first have been determined that plaintiff could be held liable therefor.

Whether the plaintiff in this case failed to exercise reasonable care under the facts as disclosed by the record before us was a question for the jury. We hold that it was error to direct a verdict for defendant upon his counterclaim in the light of the admissions and evidence respecting his alleged cause of action therein pleaded.

The judgment is reversed.

All the Judges concur.