VICKI NAPIER, APPELLANT, V. ALFRED PEDERSEN, APPELLEE.

123 N. W. 2d 577

Filed October 4, 1963. No. 35415.

Schrempp, Lathrop & Rosenthal, for appellant.

Cassem, Tierney, Adams & Henatsch, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action for damages brought by Vicki Napier, plaintiff, against Alfred Pedersen, defendant. The plaintiff was a passenger in an automobile operated by Mary

K. Campbell and was injured when the Campbell automobile was involved in an accident with the defendant's automobile at an intersection.

At the close of all the evidence, the plaintiff moved for a directed verdict on the issue of the defendant's liability. The trial court overruled the motion and submitted the issue of the defendant's negligence and the issue of proximate cause to the jury. The jury returned a verdict for the defendant. The plaintiff's motion for new trial was overruled and she has appealed.

The plaintiff assigns as error the failure of the trial court to direct a verdict for the plaintiff on the issue of the defendant's liability.

The accident happened in Omaha, Nebraska, at about 9 a. m. on November 12, 1960. Mrs. Campbell was driving north on Fiftieth Avenue and the defendant was driving east on Izard Street. The speed limit on both streets is 25 miles per hour. There are no stop signs at the intersection. The accident occurred when the front of the defendant's automobile collided with the left rear of the Campbell automobile in the intersection. After the impact, the Campbell automobile struck a large tree approximately 65 feet north and west of the point of impact. The plaintiff was injured when the Campbell automobile collided with the tree.

Much of the evidence as to how the accident happened is in conflict. In determining whether the plaintiff was entitled to a directed verdict on the issue of the defendant's liability, the evidence must be considered most favorably to the defendant, every controverted fact must be resolved in his favor, and he is entitled to the benefit of every reasonable inference which may be drawn therefrom.

The defendant testified that he decreased his speed as he approached the intersection and looked to the south when he was about one car length west of the intersection; that he saw no traffic approaching the intersection; that he looked to the south again when he was near the

crosswalk, or west curbline of the intersection, and saw the Campbell automobile; and that the Campbell automobile was then 30 to 35 feet south of the intersection. The defendant testified that his speed at that time was 10 miles per hour and he estimated the speed of the Campbell automobile to be 30 to 35 miles per hour; that he further reduced his speed and turned slightly to the left; and that the right front headlight of the defendant's automobile struck the left rear fender of the Campbell automobile. After the accident there was paint on the lens of the headlight but the impact did not break the glass. The defendant further testified that after the impact the Campbell automobile struck the east curb north of the intersection, then crossed to the west side of the street, went over the curb, and struck the tree.

The plaintiff's principal contention is that the failure of the defendant to look to the south and see the Campbell automobile before approaching within one car length of the intersection was negligence as a matter of law. The plaintiff relies upon Eden v. Klaas, 165 Neb. 323, 85 N. W. 2d 643, in which it was held that the failure of a driver, upon approaching an intersection, to look in the direction from which another automobile is approaching, where, by looking, he could see and avoid the collision that resulted, is more than slight negligence as a matter of law.

The defendant in this case testified that there was a 4-foot embankment, bushes, and a garage south and west of the intersection which interfered with his observation of traffic approaching the intersection from the south. There is a conflict in the evidence as to the location and extent of these obstructions but the jury could have found that they prevented the defendant from observing traffic approaching the intersection from the south until he was close to the intersection.

The intersection involved in Eden v. Klaas, *supra*, was an intersection of county roads which were flat and level and there was no interference with vision from a

vehicle entering the intersection from any direction for a distance of at least 250 feet. The facts in the Eden case distinguish it from this case and the rule announced in that case is not applicable here.

It was a question for the jury in this case as to whether the defendant was guilty of negligence. Where different minds may draw different conclusions from the evidence in regard to negligence, the question should be submitted to the jury. Burhoop v. Brackhan, 164 Neb. 382, 82 N. W. 2d 557.

It was also a question for the jury in this case as to whether any negligence of the defendant was a proximate cause of the plaintiff's injuries. The jury could have found that Mrs. Campbell was negligent and that her negligence was the sole proximate cause of the plaintiff's injuries. If the negligence of Mrs. Campbell was the sole proximate cause of the plaintiff's injuries, then the plaintiff had no right of recovery as against the defendant. Burhoop v. Brackhan, *supra*.

The plaintiff's motion for a directed verdict on the issue of the defendant's liability was properly overruled. The judgment of the district court is correct and it is affirmed.

AFFIRMED.