DE BERG, Appellant v. KRIENS, Respondent

(149 N.W.2d 410)

(File No. 10285. Opinion filed March 21, 1967)
Rehearing denied June 9, 1967

**Austin, Hinderaker & Hackett,** Watertown, for defendant and respondent.

HANSON, Judge.

This is an action to recover damages for personal injuries resulting from a two-car intersectional collision. The minor plaintiff, Gary DeBerg, was riding in the rear seat of his father's car. The other car was owned and operated by defendant, John E. Kriens. The jury returned a verdict for defendant and plaintiff appeals from the adverse judgment and from the order denying his motion for a new trial.

The primary question is whether or not the issues of negligence and proximate cause were properly submitted to and determined by the jury. In reviewing the evidence for this purpose we must consider it in the light most favorable to the verdict. Hanisch v. Body, 77 S.D. 265, 90 N.W.2d 924. Accordingly, it appears the collision occurred about noon on Sunday, December 24, 1961 at the intersection of First Avenue and First Street in the City of Watertown, South Dakota. First Street runs north and south and First Avenue runs east and west. Both streets are level and straight. It was a cold, gray day and there were slippery spots on all streets throughout the city.

The DeBerg car was traveling north on First Street. Defendant Kriens was proceeding south on the same street. The two cars were approaching First Avenue from opposite directions at about the same time, distance, and speed. The collision occurred as the DeBerg car was making a left turn at the First Avenue intersection. The point of impact was in defendant's lane of travel in the southwest quadrant of the intersection. Several members of the DeBerg family, including plaintiff were injured. The

right rear side of the DeBerg car and the right front of defendant's car were damaged. Defendant admitted telling Mr. DeBerg right after the accident that "I just never saw you". Defendant further testified he first noticed the DeBerg car when he was about 100 feet from the intersection and "then I looked to the right and I looked to the left, and when I looked up he was there—I didn't apply the brakes or anything because I didn't think he was going to turn in front of me, so then after the accident when I got out and said I didn't see him, I meant I didn't see him just before I hit, you know."

■ Plaintiff relies for reversal on two well settled principles of law. First, the negligence of the driver John DeBerg, if any, cannot be imputed to this minor plaintiff passenger, who had no control over the operation of the motor vehicle in which he was riding, Eads v. Tiede, 45 S.D. 190, 186 N.W. 823, Pemberton v. Fritts, 56 S.D. 374, 228 N.W. 409, Schumacher v. Storberg, 69 S.D. 103, 7 N.W.2d 141 and second, even if John DeBerg was negligent and his negligence was a proximate cause of plaintiff's injuries recovery against defendant would not be barred under the doctrine of concurrent negligence, i. e., when an injury occurs through the concurrent negligence of two persons which would not have happened in the absence of either, the negligence of both parties is considered to be the proximate cause of the accident and both are answerable to the injured person. Rumbolz v. Wipf, 82 S.D. 327, 145 N.W.2d 520; Kotz v. Johnson, 81 S.D. 387, 135 N.W.2d 733; Rowan v. Becker, 73 S.D. 273, 41 N.W.2d 836; and Krumvieda v. Hammond, 71 S.D. 544, 27 N.W.2d 583. In addition to the application of those principles plaintiff contends defendant was guilty of negligence as a matter of law in failing to maintain a proper lookout and in failing to have his car under proper control, therefore, the trial court should have granted his motion for directed verdict on all issues except the question of damages.

■ It reasonably appears from the testimony that the two automobiles approached the First Avenue intersection from opposite directions at about the same time, the same speed, and the same distance away. Defendant was driving a late model car equipped with power brakes and power steering. He was

driving at a lawful speed in his own lane of travel. There is no evidence he lacked control over his car. When he first observed the DeBerg car the jury could infer that no signal, or no effective signal, of intention to turn left was given by the driver of the DeBerg car in violation of SDC 1960 Supp. 44.0317 which requires the driver of any vehicle upon a highway before turning from a direct line to see that such movement can be made in safety and whenever the operation of any other vehicle may be affected by such movement to give a plainly visible hand or mechanical signal to the driver of such other vehicle of intention to turn. To be effective this signal must be given a sufficient distance ahead to give others ample warning of the intended turn.

After checking for traffic east and west defendant looked forward and discovered the DeBerg car had turned left in front of him in his lane of travel. As the collision occurred in the southwest quarter of the intersection the jury could find the DeBerg car made a shallow turn in violation of SDC 44.0316 which requires the driver of a vehicle intending to turn left at an intersection to "approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning such vehicle to the left". See Iverson v. Knorr, 68 S.D. 23, 298 N.W. 28; Irvin v. United States, D.C., 148 F.Supp. 25; 60 C.J.S. Motor Vehicles § 367, p. 912.

██ ██ Under the circumstances, the question of defendant's negligence was properly submitted to the jury as different minds might draw different conclusions from the evidence in this regard. It is only where facts are not in dispute or are such that reasonable men could not differ that the issues of negligence, contributory negligence and proximate cause become questions of law for court determination. Bogh v. Beadles, 79 S.D. 23, 107 N.W.2d 342; Napier v. Pedersen, 175 Neb. 703, 123 N.W.2d 577. "In other words, these questions become a matter of law only when the facts from which the inferences can be drawn admit of but one conclusion. This occurs rarely." Myers v. Quenzer, 79 S.D. 248, 110 N.W.2d 840. Manifestly, any estimation of speed and distance in these cases at best is only a rough approxima-

tion, and such estimate cannot and should not be used as a basis upon which to determine the result by some mathematical formula. Wester v. George, 71 S.D. 424, 25 N.W.2d 455.

Affirmed.

HOMEYER, P. J., and RENTTO, J., concur.

ROBERTS and BIEGELMEIER, JJ., dissent.

BIEGELMEIER, Judge (dissenting).

It is undisputed the driver of plaintiff's automobile gave a left turn signal as he approached, entered and turned in the intersection. Defendant as a witness did not deny it, his testimony being he first saw the DeBerg auto when he was 130 feet from the point of collision in the intersection and the next thing he saw was when "I hit it". The court has held a person driving an automobile must keep a careful lookout to avoid a collision with other highway users. Aaker v. Quissell, 60 S.D. 513, 244 N.W. 889, and Robertson v. Hennrich, 72 S.D. 37, 29 N.W.2d 329. It is not only apparent, as was concluded in Kundert v. B. F. Goodrich Co., 70 S.D. 464, 181 N.W. 786, but admitted here, defendant did not look at all for this last 130 feet before the collision. Failure to do so is negligence, Robertson v. Hennrich, supra, and the jury should have been so advised.

ROBERTS, J., concurs in dissent.