Jann Marie SEARS, Plaintiff and Appellant,

v.

Ralph L. McKEE and Delores McKee, Defendants and Appellees.

No. 12903.

Supreme Court of South Dakota.

Argued Feb. 26, 1980.

Decided Nov. 19, 1980.

Gary P. Thimsen of Woods, Fuller, Shultz & Smith, Sioux Falls, for plaintiff and appellant; Arlo Sommervold of Woods, Fuller, Shultz & Smith, Sioux Falls, on brief.

Carleton R. Hoy and Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants and appellees.

WOLLMAN, Chief Justice.

Plaintiff appeals from the judgment dismissing her complaint entered on a jury verdict in favor of defendants. We reverse and remand for new trial.

On July 6, 1971, plaintiff, who was twelve years of age at the time, went with her mother, two aunts, and five cousins to defendants' farm near Dell Rapids. Defendant Delores McKee is the cousin of plaintiff's mother. The trip was made for the purpose of giving the children an opportunity to ride a horse belonging to defendants, an opportunity that was not available during a visit to the farm earlier in the year.

Two of defendants' sons, ages fifteen and thirteen, helped plaintiff and her cousins mount the horse. The two boys then led the horse around the farmyard while the visiting cousins took turns riding the animal. After the adults retired to the house, the children continued to ride the horse. As plaintiff and one of her cousins were seated on the horse, it walked over to a 275-gallon fuel barrel mounted on a metal stand. Defendants' sons were not leading the animal at this time. One of the saddle stirrups became entangled in the stand, whereupon the horse reared, throwing plaintiff to the ground and causing the barrel and metal stand to fall upon her. Plaintiff suffered a severe injury to her left hand, eventually resulting in the amputation of all four fingers. She also suffered a fracture of the left leg.

Plaintiff's first contention on appeal is that the trial court erred in refusing to give her requested instruction that any negligence that the jury might find that plaintiff's parents were guilty of in exposing plaintiff, or permitting her to be exposed, to danger should not be charged to plaintiff. We conclude that plaintiff's argument is well taken. It is the almost universal rule that a parent's negligence is not imputable to his or her child. W. Prosser, Law of Torts § 74 (4th ed. 1971). We do not interpret our holding in *Doyen v. Lamb*, 75 S.D. 77, 59 N.W.2d 550 (1953), to be contrary to the majority rule. The question in that case was whether a father's contributory negligence was a matter of defense to a claim by the child for hospital and medical expenses in the child's action to recover for personal injuries. The Court concluded that because the father's contributory negligence would properly have been asserted as a defense in the father's action to recover those expenses, it should likewise have been available as a defense in the child's action.*

Accordingly, we hold that the requested instruction should have been given.

Plaintiff next contends that the trial court erred in giving several instructions that plaintiff claims had the effect of making her conduct an issue in the case even though defendants had not pleaded the affirmative defense of contributory negligence.

Without detailing the substance of these instructions, we agree that the challenged instructions could well have been read by the jury to inject the question of plaintiff's conduct as an issue bearing upon the question of liability and that they therefore should not have been given in the form presented to the jury.

---

\* We have held that in the context of an automobile accident a father's negligence is not imputable to his son. *DeBerg v. Kriens*, 82 S.D. 502, 149 N.W.2d 410 (1967). See *Miller v. Baken Park, Inc.*, 84 S.D. 624, 175 N.W.2d 605 (1970), modified, 85 S.D. 133, 178 N.W.2d 560 (1970), for a review of our decisions holding that a husband's negligence is not imputable to his wife. In *Cowden v. Bear Country, Inc.*, 382 F.Supp. 1321, 1327 (D.S.D.1974), the United States District Court aligned South Dakota with those jurisdictions holding that a parent's negligence is not imputable to his or her child, citing *DeBerg v. Kriens*, supra.

Finally, plaintiff complains that the trial court's instruction regarding liability for damages caused by a domestic animal is self–contradictory. On retrial, the challenged instruction might well be broken into two instructions, each prefaced by an introductory clause identifying the instruction with the relevant theory of liability set forth in plaintiff's complaint.

The judgment is reversed, and the case is remanded to the circuit court for new trial.

All the Justices concur.