FESTER, Respondent, v. GEORGE, Appellant

(25 N. W.2d 455)

(File No. 8865. Opinion filed December 19, 1946.)

**Davenport, Evans & Hurwitz,** of Sioux Falls, for Appellant.

**T. R. Johnson,** of Sioux Falls, for Respondent.

RUDOLPH, P.J. ■ This action involves a collision at a street intersection in the city of Sioux Falls. The jury returned a verdict for the plaintiff. Defendant moved for judgment notwithstanding the verdict which was overruled by the trial court. The only question presented is whether plaintiff was guilty of contributory negligence as a matter of law. The jury having returned a verdict in favor of the plaintiff the facts must be reviewed in the light most favorable to that verdict.

■ The accident occurred on Saturday, November 4th, 1945 about noon at the intersection of Franklin Avenue and Eighth Street. Franklin Avenue runs north and south and is 40 feet in width. Eighth Street runs east and west and is 48 feet in width. Plaintiff was traveling south on Franklin Avenue. Defendant was traveling east on Eighth Street. The streets were dry and plaintiff's view of Eighth Street as he approached the intersection was unobstructed. Plaintiff testified that when he was from 8 to 10 freet from the intersection he observed defendant's car coming from the west on Eighth Street at a point 50 to 60 feet from the intersection; that he believed he had ample time to cross in front of defendant's car and proceeded into the intersection and did not observe defendant's car again until the collision occurred. Plaintiff estimated that he was driving at 15 to 20 miles per hour and that as he observed defendant, defendant was driving at 20 to 25 miles per hour. The collision occurred in the southwest part of the intersection. Plaintiff's wife testified:

"Well before we crossed I looked to the left and then to the right and I seen his car approaching, but he was plenty far away that we could get through. Never gave it another thought until going to approach the middle of the intersection and I looked over and seen he had got there mighty fast and that he was driving faster than he was at the time we seen him the first time and he was looking down, * * *"

SDC 44.0318 provides:

"When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. * * *"

Construing this statute this court held in the case of Smith v. Aspaas, S. D., 21 N. W.2d 878, that in determining the right of way it is without legal significance which car actually entered the intersection first if it appears that the vehicles approached or entered the intersection at approximately the same time. It follows that the single fact that plaintiff entered the intersection first, did not give him a right of precedence over defendant. The controlling issue is whether the two cars were approaching or entering the intersection at approximately the same time; if they were, the plaintiff being on the left, should have yielded to the defendant; if they were not, no question of right of way is presented. The parties are approaching the intersection at "approximately the same time" whenever the two vehicles are in such a relative position that upon an appraisal of all the factors in the situation it should appear to a man of ordinary prudence approaching from the left that there is danger of collision if he fails to yield the right of way. See many cases cited in Berry on Automobiles, Seventh Edition, Section 3.16. As a corollary to this general holding we held in the case of Mills et al. v. Armstrong, S. D., 13 N. W.2d 726, that if a driver of a vehicle on the left comes to a crossing and finds no one approaching it on the other street within such distance as reasonably to indicate danger of interference or collision he is under no obligation to stop or wait, but may proceed to use such crossing as a matter of right.

The question which we must determine under the rules above announced is whether it was within the province of the jury to find under all the facts that plaintiff acted as a man of ordinary prudence in concluding that he could safely proceed across the intersection, or does it appear that the danger of a collision was such that we must hold as a matter of law that an ordinarily prudent person would have yielded to the defendant.

██ Appellant contends that plaintiff was negligent or failed to act with ordinary prudence because he did not observe defendant's car until plaintiff was 8 or 10 feet from the intersection. Plaintiff was traveling only 15 to 20 miles per hour, and in our opinion, it was within the province of

the jury to find that going at this speed plaintiff could adequately appraise his position and act for his own safety after making his observation at such point, and that any earlier observation would have served no purpose. Appellant also contends that plaintiff was negligent because after observing defendant's approaching automobile, he failed to observe it a second time before the collision. In support of this contention appellant cites and relies upon the case of Jamieson v. Gerth, 61 S. D. 514, 249 N. W. 921, but the facts there disclose that after seeing the defendant's car when it was three-fourths of a block away, plaintiff who was approximately the same distance from the intersection, failed to again observe the car until the time of the collision although he had ample time and opportunity. In the instant case plaintiff observed defendant's car when he was about to enter the intersection and whether he had the time or opportunity to make a later observation was a question for the jury. Mills v. Armstrong, supra.

 The final and principal contention of appellant is that the facts disclose that plaintiff and defendant were approaching the intersection at approximately the same time and that it became the duty of the plaintiff under the provisions of SDC 44.0318 to yield the right of way to defendant. As stated above, to support appellant in this contention we must hold as a matter of law that under all of the facts and circumstances the danger of a collision was such that an ordinarily prudent person would have yielded to the defendant. We have concluded that the facts viewed in the light most favorable to plaintiff present some basis for reasonable men to differ as to whether plaintiff's conduct conformed to that of an ordinarily prudent person under like circumstances. According to the testimony of plaintiff's wife the defendant increased his speed substantially as he approached the point of collision. Plaintiff was not bound to anticipate such action. As stated by the late Judge Cardozo in the case of Ward v. Clark, 232 N. Y. 195, 133 N. E. 443, "* * * With the plaintiff's car 40 feet away, and the defendant's eighty, there appeared to be sufficient clearance. So, at least, a reasonable man might not unreasonably believe. Sudden acceleration of the defendant's speed was not to be foreseen.

* * *" With respect to this New York case it should also be noted that the two cars were approaching the intersection in about the same relative positions as the cars here involved. Considering the speeds of the two cars concerned in the New York case it would appear that at the time plaintiff's car was approximately 10 feet from the intersection defendant's car was approximately 50 feet, an approaching parallel to the facts here presented so far as relative positions of the cars are concerned. As in this case, so also in the New York case, the defendant claimed to have the right of way under the statute. The court said:

"The privilege thus conferred is not inflexible and absolute. A right of way, like a burden of proof, will establish precedence when right might otherwise be balanced. It helps us little when without it the balance would be unequal. A right of way might turn the scales if, when the plaintiff started to cross, the cars had been equi-distant, or nearly so, from the point of the collision, due regard being had also for the speed of their approach. Even with the distances what they were, it was an element which the triers of the facts were to consider in their estimate of conduct. * * *" Manifestly any estimation of speeds and distances must be at the best in this type of case only a rough approximation, and such estimation can not and should not be used as a basis upon which to determine the result by some mathematical formula. We have concluded, after careful consideration of the record, that taking into consideration the approximation of speeds and distances and all other circumstances existing at the time of plaintiff's observation the jury could determine that plaintiff as a reasonable man could reasonably conclude that he would be leaving the intersection at or about the time the defendant was entering, that no danger of a collision then appeared, and further, that the proximate cause of the collision was the increase in speed of defendant's car, which plaintiff was not bound to anticipate.

The judgment appealed from is affirmed.

ROBERTS and SICKEL, JJ., concur.

SMITH, J., dissents.

POLLEY, J., not sitting.