ALBERT PRATO ET AL. *v.* JAMES V. COFFEY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and INGLIS, Js.

Argued March 3—decided April 19, 1949.

*James F. Kennedy*, with whom, on the brief, was *Thomas J. Birmingham*, for the appellants (plaintiffs).

*DeLancey Pelgrift*, for the appellee (defendant).

BROWN, J.   The two plaintiffs joined in this action to recover for the damage each sustained when the defendant's automobile, in which they were passengers, collided at a street intersection in Hartford with a car driven by Charles Yaffa.   The jury returned a verdict for the defendant and the plaintiffs have appealed, assigning error in the court's denial of their motion to set aside the verdict and in its charge to the jury.

About 2 a. m. on October 7, 1945, the plaintiffs were passengers seated upon the rear seat of the defendant's sedan as he drove westerly on Asylum Street approaching Broad Street, which intersects Asylum Street at right angles from the south opposite Cogswell Street, which similarly intersects it from the north.   The traffic light at the intersection was fixed at caution. A hedge from thirty to forty feet east of the easterly curb of Broad Street obstructed somewhat the view across the corner of Asylum and Broad Streets.   The former is thirty-two feet and the latter fifty-five feet

in width between curbs. There was no traffic other than the defendant's car and the Yaffa car. The defendant's car and the Yaffa sedan as Yaffa drove it northerly on Broad Street were in collision in the intersection. The left front corner of the defendant's car came into contact with the right forward wheel and fender of the Yaffa car. The defendant first saw the lights of the Yaffa car when it was about eighty-five feet south of the intersection. As a result of the impact the plaintiffs were thrown out on the highway and injured. These facts are undisputed.

The jury could have found these further facts: The defendant drove into the intersection at twenty-five to thirty miles an hour, with his left wheels just north of the center line of Asylum Street. As he so proceeded he could not see the Yaffa car itself until shortly before it was entering the intersection, and he did not see it until it had reached the intersection. It was then proceeding near the middle of Broad Street at from twenty to twenty-five miles per hour. As the Yaffa car loomed up in front of him the defendant applied his brakes. The cars collided at practically the center of the intersection. After he first saw the lights of the Yaffa car approaching, the defendant assumed that its driver would yield the statutory right of way to him. Accordingly, the jury could have also found that the defendant had the right of way and the right to assume that the driver of the Yaffa car would yield it to him. The trial court did not err in denying the plaintiffs' motion to set aside the verdict.

The plaintiffs further claim that the court erred in refusing to charge the jury in these words of their request: "In the event you determine that the two automobiles did not arrive at the intersection at approximately the same time, then the car first entering the intersection had the right of way." The plaintiffs'

only claims of proof with reference to the position of the cars at or in the intersection were that the Yaffa car had nearly passed through it when struck by that of the defendant. The trial court charged the jury as follows: "And so, where the car on the left reaches the intersection before the car on the right, and passes a considerable distance through the intersection before the car on the right reaches the intersection, and the driver of the car on the left acting as a reasonably prudent person under the circumstances, has no reason to believe that he cannot pass in front of the car on his right without risk of collision, then the driver of the car on the left, being within and a considerable distance through the intersection, has the right to proceed, and it is the duty of the driver of the car on the right to operate his car as to enable the car on the left to pass safely through the intersection." This was an adequate application to the plaintiffs' claims of proof of the substance of their request to charge.

As appears from this portion of the court's instructions, and as is even more manifest when it is read in its context with the rest of the charge, the court not only gave the plaintiffs all that they were entitled to under their request but correctly emphasized and made clear that the test is not the time of arrival at the entrance to the intersection but the reasonable apprehension of collision on the part of the driver approaching from the left. *McNaught* v. *Smith,* 127 Conn. 450, 454, 17 A. 2d 771; *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 A. 350; *Hall* v. *Root,* 109 Conn. 33, 37, 145 A. 36. The other assignments of error as to the charge, relating to the status of the plaintiffs as passengers and to the significance of indisputable facts in evidence, are entitled to no consideration since no objection was made to the charge at its conclusion other than calling at-

tention to the request quoted above.  Practice Book § 156.  They are, however, entirely without merit.

There is no error.

In this opinion the other judges concurred.