[File No. 7261]

IRENE M. KNUDSEN, Respondent, v. FRANCIS ARENDT, Appellant.

(56 NW2d 340)

Opinion filed December 19, 1952.

*Day, Lundberg, Stokes, Vaaler & Gillig,* for appellant.
*Edgar P. Mattson,* for plaintiff.

BURKE, J. In this action plaintiff sought to recover damages sustained because of the death of her husband in a collision between two automobiles. In her complaint she alleged that her husband's death was due to injuries proximately caused by the negligence of the defendant. The defendant in his answer denied any negligence on his part and alleged contributory negligence on the part of plaintiff's decedent. Trial of the action re-

sulted in a verdict and judgment for the plaintiff. During the trial defendant had moved for a directed verdict. This motion was denied. After judgment defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial. This motion was also denied. Defendant has now appealed from the order denying the alternative motion and from the judgment.

The collision between the car driven by plaintiff's decedent and that driven by the defendant occurred at the intersection of two secondary highways in Wells County. The highways intersect at right angles and both have gravelled surfaces. Immediately prior to the collision plaintiff's decedent was approaching this intersection from the north and the defendant was approaching from the west. The time was two o'clock in the afternoon. The day was clear. From a point a quarter of a mile north of the intersection to the intersection the driver approaching from the north had a continuous and unobstructed view of the highway to the west of the intersection for a distance of a half mile west from the intersection. The drivers were alone in their cars. Plaintiff's decedent died as a result of his injuries and defendant testified that, as a result of his injuries, he has no recollection whatever of the collision or of the events immediately preceding it. There were no other witnesses to the collision. Both highways are section line roads. The north and south highway has a gravelled surface 25 feet wide and the east and west highway a gravelled surface 22 feet wide. Sheriff Larson of Wells County, who investigated the accident, arrived upon the scene about a half hour after he was called. By the time he arrived a number of cars and "quite a few people" had gathered there. He testified that neither car had left identifiable tracks in approaching the intersection, that there was a gouge in the intersection about a foot long, four or five inches wide and about an inch deep, and that this gouge was "probably a bit to the south of the center of the east and west road . . . not over a foot or two at the most." A highway patrolman, C. W. Burgess, testified that the gouge commenced about 9 feet south of the north line of the east and west road and about two feet in from the west side of the north and south road. Both

witnesses agreed as to the location of the two cars after the accident. The car driven by plaintiff's decedent was on its side headed east, in the ditch of the east and west road at a point 66 feet from the gouge in the road. Defendant's car was upright in the southeast corner of the intersection and headed southwest at a point 36 feet from the gouge.

Photographs of the damaged cars show that the point of greatest damage to defendant's car was the left side of the front end, extending from the left side to about the center of the grill and that the point of greatest damage to decedent's car was on the front end of the right side. There is evidence in the record from which it may be inferred that prior to the accident the speed of decedent's car was between thirty and forty miles per hour and that of defendant's car between forty and fifty miles per hour. There is no evidence that either car exceeded the speed of fifty miles per hour.

Appellant's first specification of error is that the trial court erred in denying the motion for judgment notwithstanding the verdict. Upon a review of an order denying a motion for judgment notwithstanding the verdict the question is whether the party making the motion was entitled to a directed verdict at the time the motion for a directed verdict was made and upon consideration of such question this court must view the evidence in the light most favorable to opposing party. Smith v. Nortz Lumber Co., 72 ND 353, 7 NW2d 435; Bormann v. Beckman, 73 ND 720, 19 NW2d 455; Kohler v. Stephens, 74 ND 655, 24 NW2d 64; Glaserud v. Hoff, 75 ND 311, 27 NW2d 305.

What happened in this case must be deduced by inference from meager evidence offered. The inferences most favorable to the plaintiff would permit a conclusion that plaintiff's decedent approached the intersection in question from the north at a speed of between thirty and forty miles an hour; that defendant approached the intersection from the west at a speed of between forty and fifty miles an hour; that each driver had a clear and unobstructed view of the other for a distance of a quarter of a mile before reaching the intersection, that the time was two o'clock in the afternoon of a bright day; that the car driven by decedent entered the intersection a fraction of a second

ahead of the car driven by defendant, that the left side of the front end of the car driven by defendant collided with the front end of the right side of the car driven by decedent just as the front end of decedent's car crossed the center of the intersection. Upon this view of the evidence could the jury find that defendant was negligent and that decedent was free from contributory negligence?

The negligence alleged by plaintiff was (1) that defendant failed to keep a proper lookout; (2) that he drove at an excessive speed; (3) that he failed to give way when decedent entered the intersection first. Defendant alleged that decedent negligently ignored the statutory rule as to right of way and failed to keep his car under control.

There is no evidence in the record as to the lookout kept by either driver except such as may be contained in the inference that the accident would not have happened if they had kept a proper lookout. That inference is equally applicable to both drivers and there is no basis upon which a jury could found a conclusion that one driver kept a proper lookout and the other did not.

Unless otherwise prescribed by the Highway Commissioner the speed limit upon highways through open country when the view is unobstructed is fifty miles an hour. Section 39-0902 (8) 1949 Supplement NDRC 1943. There is no evidence from which the jury could find that either driver exceeded that limit. There is also no evidence of special circumstances such as fog, dust, heavy traffic or any other considerations which would require the drivers to reduce their speeds to less than the legal limit.

With respect to right of way Section 39-1017 (1) NDRC 1943 provides:

"When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right . . . ."

Defendant contends, that since decedent was approaching from the left, it was his duty to yield the right of way. Plaintiff contends that subsection (1) of Section 39-1017 is inapplicable since decedent entered the intersection first and relies upon subsection 3 of Section 39-1017 which provides:

"The driver of vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection."

It is clear that subsection 1 of Section 39–1017 NDRC 1943 applies to all cases in which vehicles approach the intersection at approximately the same time. Vehicles approach an intersection at approximately the same time when there is imminent danger of collision at some point within the intersection if each maintains its established course and speed. Blashfield Cyc. of Automobile Law, § 993, n 28 (Perm ed 1951); Fester v. George, 71 SD 424, 25 NW2d 455; Gendron v. Glidden, 84 NH 162, 148 A 461; Prato v. Coffey, 135 Conn 445, 66 A2d 113; Mattfeld v. Nester, 226 Minn 106, 32 NW2d 291, 3 ALR2d 909. The words "at approximately the same time" do not mean "at precisely the same instant" and in order for a vehicle entering an intersection from the left to secure a right of way by possession under subsection 3 of Section 39–1017 NDRC 1943, it must enter the intersection, a sufficient interval of time ahead of a vehicle approaching from the right, so that it may be said the vehicles did not enter at approximately the same time. Such an interval must be of appreciable duration. Moore v. Kujath, 225 Minn 107, 29 NW2d 883.

In the instant case if we assume the decedent's car was traveling at the minimum speed permitted by the testimony and defendant's car at the maximum speed and that the gouge in the intersection marks the point of impact, then decedent's car entered the intersection less than one fourth of a second ahead of defendant's car. Such an interval of time is not sufficient to permit a jury to say that the vehicles did not approach and enter the intersection at approximately the same time. Zettle v. Lutovsky, 72 ND 331, 7 NW2d 180. It follows that defendant's vehicle had the right of way. It also follows, as an unavoidable inference, that as decedent approached the intersection he either failed to keep a proper lookout and did not see the defendant approaching, or that, keeping a proper lookout, he saw the defendant and failed to yield the right of way. Failure to keep a proper lookout is negligence. Bagg v. Otter Tail Power Co., 70 ND 704, 297 NW 774; Schaller v. Bjornstad, 77 ND 51, 40

NW2d 59; Robertson v. Hennrich, 72 SD 37, 29 NW2d 329; See also Rattie v. Minneapolis, St. P. & S. S. M. R. Co., 55 ND 686, 215 NW 158. Failure to observe the statutory rules of the road is evidence of negligence. 60 CJS (Motor Vehicles Sec 363 (b)) 891. See also George v. Odenthal, 58 ND 209, 225 NW 323, 65 CJS (Negligence, Sec 19) 418, 421.

Upon this record the conclusion that plaintiff's decedent was negligent and that his negligence at least contributed proximately to cause the collision cannot reasonably be avoided. Defendant was therefore entitled to judgment notwithstanding the verdict.

The judgment is reversed and the case remanded with directions to enter a judgment in favor of the defendant for dismissal of the action.

SATHRE, CHRISTIANSON and GRIMSON, JJ., concur.

MORRIS, Ch. J. I concur in the foregoing syllabus and opinion and further comment that under the facts disclosed by the record and set forth in the opinion, the accident was the result of the continuing and concurring negligence of both drivers. The negligence of each contributed proximately to the collision and bars the relief of one against the other. Virginia Electric and Power Company v. Vellines, 162 Va 671, 175 SE 35.