Wayne M. JOHNSON, Plaintiff and Appellant,

v.

Arthur SEBENS, Defendant and Respondent.

No. 7682.

Supreme Court of North Dakota.

Nov. 15, 1957.

Mackenzie & Jungroth, Jamestown, for appellant.

Nilles, Oehlert & Nilles, Fargo, for respondent.

SATHRE, Judge.

The plaintiff brings this action to recover damages for personal injuries and property damage as the result of a collision between plaintiff's automobile and defendant's truck at the intersection of two township highways in Sargent County, North Dakota. The complaint alleges that the defendant was driving in a careless and negligent manner upon said highway; that he failed to maintain a lookout and failed to yield the right of way to the plaintiff and that by reason of said careless and negligent operation of his truck the defendant collided with the plaintiff's automobile, and that plaintiff's left arm was injured and that his automobile was greatly damaged. The defendant answered by general denial, and alleged as an affirmative defense that plaintiff's injury and damage were the proximate result of his own carelessness and contributory negligence. He also interposed a counterclaim for damages to his truck.

The case was tried in the district court of Sargent County to the court and a jury. When the plaintiff had rested and again at the close of the case the defendant made a motion for a directed verdict for the dismissal of the action, upon the ground that there was failure of proof of any negligence on the part of the defendant and that the evidence conclusively showed that the injury and damages sustained by the plaintiff were due to his own contributory negligence. The trial court granted the motion of the defendant and the jury returned a verdict as directed dismissing the plaintiff's action. Judgment for dismissal of the action was entered accordingly.

The plaintiff appealed from the order granting defendant's motion for a directed verdict and from the judgment entered on such verdict. The plaintiff assigns two specifications of error.

1. That the court erred in directing a verdict for the defendant for dismissal, of the plaintiff's cause of action, at the close of all the testimony in the case, in as much as sufficient evidentiary facts were in the record so that the question was not one of law but was a legitimate jury question.

2. That failure to submit the issues in the above entitled action to the jury on the evidence that was introduced, and directing said verdict was contrary to law.

The plaintiff contends that the evidence in the case presents issues of fact on the questions of negligence and contributory negligence which should have been submitted to the jury and that under Section 28–1509, 1953 Supplement NDRC 1943 the trial court committed prejudicial error in granting defendant's motion for a directed verdict. Said Section reads as follows:

"When at the close of the testimony any party to the action moves the court to direct a verdict in his favor, and the adverse party objects thereto, such motion shall be denied and the court shall submit to the jury such issue or issues, within the pleadings on which any evidence has been taken, as either or any party to the action shall request. (Approved February 9, 1951.)"

Under the statute quoted and the authorities cited it was the duty of the trial court to deny the motion of the defendant for a directed verdict and to submit the issues to the jury. The trial court committed error therefore in refusing to submit the case to the jury and in granting defendant's motion for a directed verdict. Nevertheless, an error committed by the trial court may not be prejudicial in every case so as to constitute grounds for reversal. In 5 C.J.S Appeal and Error § 1677, pp. 810, 811 and 812 it is stated:

"The examination of the record as a whole, in the light of everything therein appearing with reference to the prior proceedings and the rights of the parties, may disclose error of either of two kinds, namely, that which is prima facie collateral, irrelevant, and without probable substantial relation to the disposition of the case, or, on the other hand, that which is so substantial in nature or so connected with the rights of the parties or the course of the proceedings that it cannot be said prima facie not to have influenced the result; and, in determining whether error will be deemed on its face to be prejudicial

or otherwise, the courts act upon this distinction, although usually in language so general as to seem confusing and contradictory.

"Thus the rule as to the first class of errors, those which are intrinsically collateral and without influence on the final result, is that the record must not only establish error, but also that the party complaining was prejudiced thereby, there must be an affirmative showing that it is not unlikely that the error affected the result. The doctrine of harmless error is favored and will be applied whenever it seems reasonable and safe to do so."

The question as to whether under Section 28–1509 a directed verdict is prejudicial in every case has been considered by this court on several occasions.

In the case of Rattie v. Minneapolis, St. Paul & S. S. Marie Ry. Co., 55 N.D. 686, 215 N.W. 158, 160, the plaintiff brought action against the defendant to recover damages for personal injuries resulting from a collision on a private railroad crossing of the defendant's railroad. At the close of plaintiff's testimony and after the plaintiff had rested, the defendant moved for a dismissal of the action on the grounds that plaintiff's testimony had failed to establish negligence on the part of the defendant. The trial court granted the motion and judgment was entered for dismissal of the action. On appeal the judgment was affirmed. We quote from the opinion:

"Since the plaintiff's evidence shows affirmatively that he has no cause of action, the granting of defendant's motion to dismiss, and the entry of judgment on the merits thereon, a practice not to be approved under Chapter 133, Session Laws 1921, (Now Section 28–1509, 1953 Supp. NDRC 1943) if error, was error without prejudice and will not be disturbed on appeal. The judgment is affirmed."

In the case of Ellsworth v. Martindale Hubbell Law Directory, 69 N.D. 610, 289

N.W. 101, 102, it was held that notwithstanding the court's error in directing a verdict, nevertheless, upon the facts and the record the moving party was entitled to a judgment, and that the granting of the motion for a directed verdict was harmless error. We quote from paragraph 2 of the Syllabus:

"Where the trial court has directed a verdict contrary to the provisions of Chapter 235 Session Laws N.D.1935, and the whole record is before us from which it appears that a judgment in favor of the moving party must be entered notwithstanding the verdict either upon a motion therefor in the trial court or upon appeal, the party against whom the verdict is directed is not entitled to a new trial, the error in directing the verdict not being prejudicial."

It will be necessary, therefore, to review the entire record in order to determine whether the defendant was entitled to judgment as a matter of law, and, if upon the record the defendant is entitled to judgment, the error of the trial court in granting defendant's motion was harmless error.

The accident out of which said action grew occurred on May 27, 1954 at about 3 o'clock in the afternoon at the intersection of two township highways. The plaintiff was traveling in a westerly direction towards the intersection, and the defendant was traveling in a northerly direction approaching the intersection. The defendant testified that he was traveling not to exceed 20 miles per hour. The plaintiff testified that he was traveling about 20 miles an hour when he entered the intersection. The collision occurred practically in the center of the intersection. The testimony of both plaintiff and defendant and photographs taken of the vehicles show that the front end of the plaintiff's car struck the right front wheel and fender of the defendant's truck. The east and west road on which the plaintiff was traveling was a graded dirt road 15 feet 6 inches wide

and the north and south road upon which the defendant was traveling was a graveled road 17 feet 6 inches wide. It was a clear day and the vehicles traveling on the highways did not raise sufficient dust to cause any obstruction of the vision of the drivers. The testimony of the witnesses and the photographs taken of the landscape show that there was no obstruction from the center of the intersection to a point some 2,600 feet south of the intersection. The plaintiff testified that he was driving in a westerly direction and that when he was about 1,000 feet from the intersection he looked to his left and saw no cars and saw no obstruction on the highway upon which the defendant was traveling. He looked again when he was 50 feet from the intersection and did not see the defendant. He had seen a gravel truck traveling south and it crossed the intersection when the plaintiff was within 75 feet thereof. When the vehicles collided the defendant's truck veered in a northwesterly direction, went into the ditch and struck a telephone pole. The impact caused the plaintiff's car to swing in a northwesterly direction and came to rest in the center of the road.

The testimony of the witnesses and the photographs introduced as exhibits show that from a point 1,000 feet east of the intersection the plaintiff had a clear and unobstructed view of the north and south road for 2,600 feet south of the intersection. If therefore the plaintiff while traveling west toward the intersection, had an unobstructed view for 2,600 feet of the north and south road upon which defendant was traveling, the defendant likewise had a clear and unobstructed view of the east and west road upon which plaintiff was traveling for at least 1,000 feet east of the intersection.

It is established by the evidence that the collision took place approximately in the center of the intersection. The photographs of the vehicles taken after the collision and introduced as exhibits show clearly that defendant's truck was hit on the right front wheel and right fender. The grill

on plaintiff's car was crushed in and the left fender was pushed back and up with sufficient force to throw open the hood. The impact was of sufficient force to swing plaintiff's car to the right, coming to rest in the center of the north-south road, its front facing the northwest. Defendant's truck veered to the northwest, went into the ditch and struck a telephone pole.

The inference to be drawn from the evidence is that neither driver saw the other until it was too late to avoid a collision, and that plaintiff attempted to turn to the right and the defendant sought to turn to the left.

The plaintiff and defendant were alone in their vehicles and they were the only eye witnesses to the collision. There is no material conflict in their testimony. They both testified that they were driving at a speed of approximately 20 miles an hour when the collision occurred.

■ It may reasonably be inferred from the evidence that both parties were guilty of negligence since neither party kept a proper lookout. The landscape to the south and to the east of the intersection was practically level and there was no obstruction in either direction to interfere with the vision of the drivers. Had the parties kept a proper lookout the accident would not have taken place. The language in the case of Knudsen v. Arendt, 79 N.D. 316, 56 N.W.2d 340, at pages 342, 343, is applicable to the situation in the instant case. We quote from the opinion:

"There is no evidence in the record as to the lookout kept by either driver except such as may be contained in the inference that the accident would not have happened if they had kept a proper lookout. The inference is equally applicable to both drivers and there is no basis upon which a jury could found a conclusion that one driver kept a proper lookout and the other did not."

The plaintiff claims that he entered the intersection first and that it was the duty of the defendant under Sec. 39–1017, NDRC 1943 to yield the right of way to the plaintiff. Subsections 1 and 3 of Section 39–1017 are as follows:

"The following rules shall be applicable to the right-of-way of vehicles:

"1. When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle to the right. * * *

"2. * * *

"3. The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection."

■ As to the claim of the plaintiff that he entered the right of way first, the photographs of the vehicles taken after the collision show that the left front end of the plaintiff's car hit the right wheel and fender of defendant's truck. From the evidence and the appearance of the vehicles it would appear that both vehicles entered the intersection at approximately the same time. As to the speed of the truck and the car there is only the testimony of the plaintiff and defendant, and each testified that he was driving not to exceed 20 miles per hour. This testimony is not disputed. Neither party was violating any law of the state or speed regulations prescribed by the Highway Commissioner. Subsection 1 of Section 39–1017, NDRC 1943 was considered by this court in Knudsen v. Arendt, supra. We quote from the opinion:

"It is clear that subsection 1 of Section 39–1017, NDRC 1943 applies to all cases in which vehicles approach the intersection at approximately the same time. Vehicles approach an intersection at approximately the same time when there is imminent danger of a collision at some point within the intersection if each maintains its estab-

lished course and speed. Blashfield Cyc. of Automobile Law, § 993, n. 28 (Perm.ed. 1951); Fester v. George, 71 S.D. 424, 25 N.W.2d 455; Gendron v. Glidden, 84 N.H. 162, 148 A. 461; Prato v. Coffey, 135 Conn. 445, 66 A.2d 113; Mattfeld v. Nester, 226 Minn. 106, 32 N.W.2d 291, 3 A.L.R.2d 909. The words 'at approximately the same time' do not mean 'at precisely the same instant' and in order for a vehicle entering an intersection from the left to secure a right of way by possession under subsection 3 of Section 39–1017, NDRC 1943, it must enter the intersection at a sufficient interval of time ahead of a vehicle approaching from the right, so that it may be said the vehicles did not enter at approximately the same time. Such an interval must be of appreciable duration. Moore v. Kujath, 225 Minn. 107, 29 N.W.2d 883, 175 A.L.R. 1007."

Plaintiff testified that when he was 75 feet from the intersection a gravel truck traveling south crossed the intersection and he saw it as it continued traveling south 200 to 300 feet and that it met and passed defendant's truck. He testified further that he looked to the south when he was 50 feet from the intersection but did not see the defendant. According to their testimony plaintiff and defendant were both driving approximately 20 miles an hour. If plaintiff looked to the left when he was 50 feet from the intersection he should have seen the defendant because both parties must have been approximately the same distance from the intersection. In 60 C.J.S. Motor Vehicles § 353, p. 838 it is stated:

"The failure of a driver to maintain a proper lookout, and to see what he could and should have seen, on approaching and traversing a crossing or intersection may constitute negligence as a matter of law."

In the same volume, same title, pp. 840, 841, is a similar statement:

"A motorist approaching and traversing a crossing or intersection will be deemed to have seen what he could and should have seen; he is under a duty to see what is visible and in plain sight. The mere fact that he looked will not excuse him if he did not see what was apparent, since in such case his failure to see constitutes as great negligence, under the law, as though he had not looked at all."

The evidence shows that from a point 1,000 feet east of the intersection the plaintiff had a clear view of the north-south road 2,600 feet south of the intersection. The defendant had a clear view of the east-west road and should have seen the plaintiff had he looked to the right. According to the evidence they were driving at the same rate of speed. The collision occurred in the center of the intersection. Had either party maintained a proper lookout the collision could have been avoided. The only reasonable inference to be drawn from the record is that both plaintiff and defendant were negligent as a matter of law and that their concurrent negligence contributed proximately to the collision and precludes recovery by either party from the other. Although, under Section 28–1509, NDRC 1943, the refusal of the trial court to submit the case to the jury was error; nevertheless upon the record before us it was error without prejudice. Accordingly the judgment is affirmed.

GRIMSON, C. J., and JOHNSON, BURKE and MORRIS, JJ., concur.