MALSAM, Respondent v. BERGH AGENCY, Appellant

(102 N.W.2d 832)

(File No. 9832. Opinion filed April 30, 1959)

364

**Elmer Thurow,** Aberdeen, for Defendant-Appellant.

**Dennis Maloney,** of **Maloney & Maloney,** Aberdeen, for Plaintiff-Respondent.

BIEGELMEIER, J.

In this action the summons was dated and served September 8, 1958. The complaint claimed plaintiff had employed defendant to obtain financing to buy a house and paid $500 on August 1, 1952 to defendant as his agent to apply on the purchase price of $4,000; that defendant failed to do so or return it and prayed for a judgment of $500. Defendant's answer generally denied the complaint, admitted plaintiff employed it to find and purchase a home for him; that defendant found a home for plaintiff and induced the father-in-law of defendant's president to make a loan thereon and for its services in purchasing the home and obtaining the loan charged plaintiff $500, which was a very reasonable charge for such services, and also alleged that plaintiff's

cause of action did not accrue within six years before the commencement of the action. A reply was served which alleged facts it is claimed estop defendant from asserting this last defense. The jury returned a $500 verdict for plaintiff; defendant appeals from the judgment. Under settled principles an appellate court must view the evidence in a light most favorable to plaintiff. Fester v. George, 71 S.D. 424, 25 N.W.2d 455; Englebert v. Ryder, 77 S.D. 333, 91 N.W.2d 739.

Under the heading "Statement of Questions Presented in Assignment of Errors" appellant states that the questions presented are whether the court should have permitted the introduction of any evidence as to the statute of limitations under the pleadings and whether the court should have directed a verdict for defendant on that ground; all assignments are argued together.

Defendant then assuming that plaintiff's complaint alleges and the proof shows a conversion of the plaintiff's $500 on August 1, 1952, argues that the bar of the six-year statute applies, citing SDC 33.0203 to SDC 33.0213 inclusive. By reading isolated sentences of the complaint, defendant may be able to come to that conclusion for at one place plaintiff states the defendant has wrongfully retained the $500 from the date it was delivered; at another place plaintiff alleges at the time he delivered the $500 to defendant he instructed defendant to apply it on the $4,000 purchase price and again on numerous occasions since that date repeatedly demanded that defendant pay the $500 on the loan or return it to plaintiff, no dates being stated. The undisputed evidence was that the deed to plaintiff was dated August 20, 1952 and the mortgage loan was not made until that day and that the first payment on the loan was to come due September 20, 1952. Plaintiff's wife testified that when she made this first payment on September 15, 1952 she asked why they had not credited this $500 down payment and defendant's president stated that it would be done at the end. Plaintiff testified that, in similar conversations when he came to make payments, the same officer told him it would be

decided later; that defendant was to get all insurance required for his services, which it did. This included property and life insurance required by lender. The $500 check contained this statement: "Earnest money on 116 N. Kline Contract for Deed to be given purchaser." All this evidence was received without objection.

Defendant's president and alter ego (see Larson v. Western Underwriters, 77 S.D. 157, 87 N.W.2d 883) testified that he acted as agent for plaintiff to buy this house; that part of his services was to get a loan for him; he admitted that plaintiff had found this home himself and while the question of what he was to receive for his services didn't come up during the first talks, his charges were $500 and they were reasonable. He also testified he paid $300 of this to his father-in-law who made the loan. The trial court submitted the issues to the jury based on the contentions of the parties; on the part of the plaintiff, that the $500 was to be applied on the purchase price of the home and on the part of the defendant that it was a fee for its services.

Appellant's "Statement", etc. above does not contain a reference, by number or page of the settled record, to the assignments of error as required by Supreme Court Rule 71(4) as amended effective January 1, 1953. See SDC 33.0743(4). While the assignments of error are not required to be printed in the briefs, respondent has done so and argues that some of them should be disregarded and eliminated, and cannot be reviewed. Nevertheless they will be considered. Assignment II claims error in the introduction of evidence concerning the statute of limitations; by referring to the transcript it appears that by agreement of the parties the trial judge, in the absence of the jury, heard some testimony on this subject. As the jury did not hear this evidence (it is evidence other than set out above) no error resulted. This is one of the questions presented in the Statement. The other is that the court should have directed a verdict for defendant on the ground that plaintiff's claim was barred by the statute of limitations. Assignment I claimed error in not directing a verdict at the close of plaintiff's evidence;

No. III requested the same direction of verdict at the close of all testimony; No. IV asserts the court erred in denying objections to the instructions on the ground the evidence showed, as a matter of law, that plaintiff's claim was barred by the statute of limitations and No. V asserts error in entering judgment for the reason the same is contrary to the evidence because the evidence showed on its face that the claim of plaintiff was barred by the statute of limitations. It appears from plaintiff's evidence that the first request made of defendant was September 15, 1952, which was within the six-year period and the jury found for plaintiff's version of the transaction. It is unnecessary to consider the relationship of agency or whether this September 15, 1952 request was, or later ones were, the basis of plaintiff's suit as the plaintiff did not ask interest from any date certain in his complaint, the jury did not allow and the court's judgment did not include any interest. The evidence was sufficient to sustain the verdict, no reversible error appears in the record and the judgment is therefore affirmed.

ROBERTS, P. J., and RENTTO and HANSON, JJ., concur.

SMITH, J., not sitting.