TROUSDALE, Plaintiff and Respondent v. SCHLADWEILER et al., Defendants, Third-Party Plaintiffs and Appellants, and TROUSDALE, Third-Party Defendant and Respondent

(74 N.W.2d 841)

(File No. 9546. Opinion filed February 17, 1956)

**L. F. Ericsson,** Madison, **Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendants, Third-party Plaintiffs and Appellants.

**J. H. Lammers,** Madison, for Plaintiff and Respondent and Third-party Defendant and Respondent.

RUDOLPH, J. Plaintiff recovered for damages to her automobile caused by a collision between her automobile driven by her son and a so-called "digger jeep" owned by the defendant Schladweiler and driven by the defendant Terlau. Defendants have appealed.

Plaintiff's son Wayne who was 17 years of age was

driving west from the city of Madison on Highway 34 about 6 P. M. on September 28, 1954 in his mother's car. He had reached a point about a mile west of Madison and observed a truck coming toward him from the west. He testified that as he approached the driveway of the defendant Schladweiler's farm which was on the north side of the highway the "digger jeep" appeared from behind the truck he was meeting and turned into his lane of traffic, that he immediately applied his brakes but could not avoid colliding with the jeep in the north lane of traffic. The evidence discloses that the highway has a bituminous surface and is the main highway from Madison to the West. There are markings on the highway showing the center line.

Terlau, the driver of the jeep, testified that he was following the truck and intending to turn into the Schladweiler driveway, that he maintained his position in the south lane of traffic and had come to a stop when struck by the car driven by Wayne. He also testified that he had signaled a turn to his left by an arm signal, which Wayne testified he did not see.

No one except the drivers of the two cars testified as eyewitnesses regarding the exact place on the highway (whether north or south of the center line) that the collision occurred. There was testimony by the deputy sheriff and other witnesses regarding the skid marks on the highway made by plaintiff's car, and the position of the cars following the accident.

 We have reviewed the entire record and have concluded that the question of whether the collision occurred in the north lane as contended by plaintiff or in the south lane as contended by defendant was a question of fact for the jury. The evidence presented related almost entirely to this issue. The court in stating the contention of the parties to the jury said the plaintiff contended that the defendant Terlau "suddenly turned to the left across the highway in front of the car driven by plaintiff's son", and defendants contended that plaintiff's son "drove plaintiff's car over on the south side of the highway and into the jeep driven by the defendant Klaus Terlau".

The court instructed the jury pertaining to the duty

of drivers proceeding in opposite directions to each give to the other at least one-half of the main traveled portion of the roadway; the duty regarding the speed and control of automobiles being driven upon the highway, and the duty relating to passing other vehicles traveling in the same direction. The court also instructed the jury as follows:

> "The driver of any motor truck, when traveling upon a highway outside of a business or residence district shall not follow another motor truck within 300 feet, but this shall not be construed to prevent one motor truck overtaking and passing another, and if you find that the jeep of the defendant was a motor truck and the defendant Klaus Terlau followed the motor truck ahead of him within 300 feet of such preceding truck, he was negligent."

The defendant excepted to this quoted instruction "because there could have been no proximate causal relationship between any neglect in this regard, if there was any. and this accident. The defendant did not collide with any vehicle ahead of him; * * *". The instruction was also excepted to on the ground that the digger jeep was indisputedly not a truck.

█ Conceding that under the issues framed by the evidence the instruction should not have been given, we do not believe it misled the jury. As stated above, the evidence as to the cause of the accident related to the location of the collision, whether to the north or south of the center line of the highway. From a reading of this record we are convinced the jury found that the collision occurred north of the center line or it would not have returned a verdict for plaintiff. There was no other basis in the evidence upon which such a verdict could be found. Plaintiff's whole case was made dependent upon the fact that her car maintained its position in its proper lane of traffic. It follows, that even though the instruction was inept it is not ground for reversal. Allen v. McLain 75 S.D. 520, 69 N.W.2d 390.

█ Appellant also complains because the court instructed the jury regarding the care required of a person confronted with a sudden emergency. Appellant contends that if the driver of plaintiff's car was confronted with an emer-

gency such emergency was brought upon him by his own negligence. Wayne, the driver, testified that he was driving within the posted speed limit, the road was apparently clear except for the approaching truck and without warning the jeep appeared from behind the truck and entered his lane of travel. The jury could readily determine under this evidence that the condition with which Wayne was confronted was due entirely to the negligence of the driver of the jeep. Under these circumstances we hold that giving this instruction was proper. Campbell v. Jackson, 65 S.D. 154, 272 N.W. 293; Annotation 111 A.L.R. 1019.

The judgment appealed from is affirmed.

All the judges concur.