HOVEY, Appellant v. GANTVOORT, Respondent

(112 N.W.2d 244)

(File No. 9893. Opinion filed December 15, 1961)

**Burke & Barnes,** Sioux Falls, for Plaintiff and Appellant.

**Davenport, Evans, Hurwitz & Smith, James R. Adams,** Sioux Falls, **Gunderson & Gunderson, Harvey A. Gunderson,** Clear Lake, for Defendant and Respondent.

BIEGELMEIER, J. This is an action brought by the special administrator of the estate of Debra June Hovey to recover for her death resulting from the collision of an automobile in which she was a passenger and a grain swather towed behind a car driven by defendant. After the jury returned a verdict for plaintiff for $6,000, the trial court vacated the verdict and entered judgment for defendant n.o.v.

Debra is the daughter of plaintiff Roger I. Hovey and June Hovey. Mrs. Hovey with ten-year-old Debra and her two other daughters were returning to the farm home when the accident occurred around 2:30 in the afternoon of August 7, 1958. The east and west graveled roadway was twenty or twenty-one feet wide; a windrow of gravel on the north or defendant's side left around eighteen feet available for travel. Defendant is a farmer who also did custom work, such as grain swathing. He was returning from a job with the swather loaded on a trailer hitched to his automobile. The trailer was over seventeen feet long and its wheels were six or eight inches wider than the automobile wheels. Defendant was proceeding west, Mrs. Hovey east. The road was hilly and the collision occurred just over the crest of one of the hills. It is undisputed the automobiles did not collide with each other. The collision was between the Hovey car and the swather, part of which extended at least twenty-seven inches beyond the south side of defendant's automobile. The evidence showed defendant's automobile was six feet wide and the swather ten feet six inches; that it was six feet four inches from the

center of the tongue of the trailer to the outside edge of the dividers or cutting bar of the swather. While there was not much room to spare, it appears that the traveled portion of the road was sufficient for the vehicles to pass by each other in safety and the collision resulted from the negligence of either or both of the drivers.

■ On appeal from a judgment for defendant notwithstanding the verdict of the jury for plaintiff, this court views the evidence in a light most favorable to plaintiff; all conflicts in evidence are resolved in favor of plaintiff, who also must be given every favorable inference that may fairly be drawn from the evidence. Fossum v. Zurn, 78 S.D. 260, 100 N.W.2d 805; Hullander v. McIntyre, 78 S.D. 453, 104 N.W.2d 40. Mrs. Hovey testified she was driving about forty miles an hour with the right wheels of her car perhaps six inches from the weeds on the south side; that she was in the south half of the road and there was plenty room for two cars to pass; when she saw defendant's car it was "quite close", "less than ten feet" away and when they passed each other they were about six inches apart. There was sufficient room for defendant to drive so both his automobile and the swather, with its divider and sharp teeth of the mover, would not project in the path of oncoming traffic. SDC 44.0309 provides:

> "Upon all highways of sufficient width, except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the highway * * *".

SDC 44.0311 states:

> "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible."

Defendant urges that SDC 1960 Supp. 44.0336 "excuses" him from strict compliance therewith and thus relieves

him from negligence for violation thereof. He contends that while it states "no motor vehicle shall be operated upon a public highway; (1) If the width thereof, measured at the widest points, either of the vehicle or the load, exceeds ninety-six inches; * * *", it excepts "farm machinery" therefrom and further that SDC 1960 Supp. 44.0336-1 only makes it unlawful to move such machinery from one-half hour after to one-half hour before sunrise. The argument does not so impress us. These sections only make it lawful for farm machinery to be operated on the public highways at times specified without violating that section; the movement is subject to the obligation to drive and pass on the right side thereof as required in SDC 44.0309 and SDC 44.0311, where, as here, there was room for that. Defendant admitted this and contended he crossed over the windrow and was completely on his side.

Defendant cites Worthington v. McDonald, 246 Iowa 466, 68 N.W.2d 89, 47 A.L.R.2d 135, as holding the failure to yield half the roadway to an oncoming car was not negligence as a matter of law. There the situation was reversed, that is, plaintiff was driving a tractor-pulled combine which occupied a foot over the road center while crossing a bridge; the Supreme Court held this was evidence of negligence, not negligence as a matter of law; that as he started to cross the bridge first in apparent safety, the finding of the trial court that the negligence of the approaching truck driver was the proximate cause of the collision, was affirmed. Here the jury found defendant negligent and if there is evidence to support that finding it must be sustained. That it is at least evidence of negligence to drive on the left or wrong side of the road appears from prior decisions of this court. Kerr v. Basham, 64 S.D. 27, 264 N.W. 187; Schumacher v. Storberg, 69 S.D. 103, 7 N.W.2d 141; Trousdale v. Schladweiler, 76 S.D. 174, 74 N.W.2d 841. It seems to be the only evidence of negligence in Kerr v. Basham, where because of the death of both drivers, the contention was that evidence was found on conjecture. In the Schumacher case, this court said [69 S.D. 103, 7 N.W.2d

143]: "Appellants took a chance by driving on the left-hand side of the road" and in Trousdale [76 S.D. 174, 74 N.W.2d 842] "the drivers of the two cars testified as eyewitnesses regarding the exact place on the highway (whether north or south of the center line) that the collision occurred. * * * As stated above, the evidence as to the cause of the accident related to the location of the collision, whether to the north or south of the center line of the highway." To paraphrase the next sentences in that opinion, the jury here found the collision occurred on the south half of the road or it would not have returned a verdict for plaintiff, whose case was dependent on that fact. Driving on the left half of the road was conduct which a jury could find was negligence and the proximate cause of the collision.

■ Defendant testified he first observed dust on the west side of the hill, he estimated the Hovey car variously about 300 feet, 150 or 175 feet and 100 feet away when he first saw it; that it raised clouds of dust and he estimated its speed as 60 miles per hour, his own at 25 to 30 miles. A large number of posed photographs were received in evidence, some showing a similar swather hitched to an automobile, their admission in evidence being limited to show the topography and visibility. With defendant's automobile upper part of the divider frame visible at 200 feet, the top of the car barely discernible; the car is wholly visible at 100 feet. (Ex. 9.) From the photographs defendant asserts Mrs. Hovey was negligent in the operation of her car and she could have seen defendant's automobile in ample time to avoid the collision if she was traveling at proper speed. There is no evidence she was traveling at an unlawful speed and the jury has by its verdict indicated it was reasonable and prudent. It is mathematically difficult here to pin point the exact location of defendant's automobile as 50 feet from the crest of the hill when the Hovey car was 150 feet from the crest, yet the jury could find Mrs. Hovey, in the short time available, was unable to determine the car approaching her with sufficient space to pass would have attached

a vehicle, the sickle bar of which extended from two to three feet in her path. This, with its frame, was low on the machine and came to a point at the farthest projection. The jury could conclude the dust from defendant's automobile confined by the weeds on the roadside partly obscured it. An examination of the 8 x 10 glossy photographs (Exhibits 10 and 14) and their 16 x 24 duller enlargements (Exhibits 10A and 14A) are of interest. Exhibits 10 and 10A at 200 feet clearly show the top of the swather against the horizon; In Exhibits 14 and 14A at a 200-foot distance the top of the swather blends with the background. At 40 and 50 miles per hour the vehicles approached each other at 133 feet per second; with reaction or thinking time taken into consideration (see South Dakota Drivers Manual) the trial court properly submitted the negligence claims to the jury and it was error to set aside the verdict.

The judgment of the trial court and order granting the motion for judgment n. o. v. are reversed and the cause remanded with directions that the verdict of the jury be reinstated.

SMITH, P. J., and RENTTO and HANSON, J. J., concur.

ROBERTS, J., concurs in result.